# BANKS, CURRAN, SCHWAM & SQUIRRELL, LLP
## ATTORNEYS & COUNSELLORS AT LAW

BARBARA BANKS SCHWAM
DAVID J. SQUIRRELL

61 SMITH AVENUE

MOUNT KISCO, N.Y. 10549

(914) 666-2161
Fax: (914) 666-2450

OF COUNSEL
MAURICE F. CURRAN

WILLIAM F. BANKS, RETIRED

May 15, 2013


**MEMO ENDORSED**

**By Overnight Mail**
Hon. Kenneth M. Karas
United States District Court
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

Re: <u>Curran v. Aetna et al</u>
Docket No.: 13 cv 00289 (KMK)

Honorable Sir:

Plaintiffs' Complaint in the referenced action, filed January 14, 2013, alleges five separate Claims. Claims First through Fourth seek monetary damages and statutory fines and penalties pursuant to ERISA. The Fifth claim, which seeks general, consequential, and punitive damages, is a New York tort claim against defendant Aetna for tortious interference with a contract. Plaintiffs' counsel's recent research on the question of ERISA preemption of state law claims has informed plaintiffs that a 2008 ruling by the Second Circuit (Ch. Judge Dennis Jacobs for the unanimous Court) has determined that the assertion of ERISA claims in an action preempts a state law claim sounding in tortious interference with a contract (<u>Panaccasio v. Unisource Worldwide, Inc.</u>, 532 F. 3d 101, 114; 124 S. Ct. 2488). A certiorari petition was not filed from the Circuit Court ruling. Accordingly, plaintiffs concede that <u>Panaccasio</u> stands as the determined law in this circuit.

Plaintiffs hereby withdraw the state claim asserted as the Fifth Claim in plaintiffs' Complaint filed January 14, 2013 and the Complaint is deemed amended to assert only the First through Fourth Claims, with the requested prayer for relief amended accordingly.

By reason of said withdrawal, plaintiffs concede that their right to trial by jury under the Seventh Amendment does not

1

obtain to the remaining First through Fourth Claims under the preemption doctrine applied to ERISA claims under the Supreme Court ruling in <u>Aetna Health Inc. v. Davila</u>, 542 U. S. 200, 124 S. Ct. 2488 (2004). Accordingly, plaintiffs' demand for a jury trial in the subject action is hereby withdrawn and plaintiffs concede that any and all factual issues in the subject action are to be determined by the Trial Court.

    I respectfully request that this letter be endorsed by the Court to formalize the above stated withdrawal of the Fifth Claim and the consequential withdrawal of the Demand for a Jury Trial.

Respectfully submitted,

*[signature]*

DAVID J. SQUIRRELL (DS 8646)

Cc: Michael H. Bernstein, Esq. (MB 0579)
    Attorney for Defendants **By Overnight Mail**

> Plaintiffs' Fifth Cause of Action is dismissed as withdrawn, as is the jury demand, for the reasons given herein.
>
> So Ordered
>
> *[signature]*
>
> 5/17/13

2