# Sedgwick LLP

*Michael H. Bernstein*
*(212) 898-4011*
*michael.bernstein@sedgwicklaw.com*

May 13, 2013

**MEMO ENDORSED**

*Via Federal Express*
Hon. Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street, Chambers 533
White Plains, NY 10601-4150



Re: *Curran v. Aetna Life Insurance Company, et al.*
    Civ. Act. No.:   13-cv-00289
    File No.        00322-008166

Dear Judge Karas:

      This office represents Defendants Aetna Life Insurance Company ("Aetna"), TriNet Group, Inc. ("TriNet"), and TriNet Group, Inc. Section 125, Section 129, and Flexible Spending Account Plan incorrectly sued herein as The TriNet Open Access Managed Choice Plan (the "Plan") (collectively "Defendants") in the above-referenced action. We write to request a pre-motion conference to discuss Defendants' proposed motion for an order dismissing Plaintiff Bridgett M. Curran's ("Curran") Complaint pursuant Rule 12(b)(6), FED. R. CIV. P., and striking their jury demand pursuant to Rules 12(f) & 39(a)(2), FED. R. CIV. P., to the extent any claims remain in the action. We also request that the Court treat this letter as a timely appearance by Defendants.

      On May 8, 2013, Defendants filed their motion to dismiss without first requesting a pre-motion conference in accord with Your Honor's Individual Rules. This occurred as a result of an inadvertent failure to appreciate that motions to dismiss are subject to Your Honor's pre-motion conference requirements. On May 13, 2013, Plaintiff filed opposition to the motion to dismiss, on the grounds that a pre-motion conference had not been requested or held. (Doc. No. 12). This Court then denied Defendants' motion without prejudice on the grounds that a pre-motion conference had not been requested or held. (Doc. No. 13). In accordance with that order, Defendants now request a pre-motion conference for the following reasons:

      According to the allegations set forth in the Complaint, Curran and her minor child ("C.F.C.") were enrolled in the Plan, which was established and maintained by Curran's employer, TriNet. TriNet is the Plan Administrator for the Plan. Aetna is the claim administrator for the Plan and also insures plan benefits under Group Health Policy No. GP 811317-FL. TriNet has delegated discretionary authority to Aetna, making Aetna the claim fiduciary entitled to exercise discretion in interpreting Plan terms and deciding claims for benefits. The Plan is an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq.*

NY/1264864v1

On or around January 7, 2011, C.F.C. had scoliosis surgery performed by Rudolph Taddonio, M.D., an out-of-network provider. Because Dr. Taddonio is an out-of-network provider, he is not contractually required to accept the available Plan benefits as payment in full for his services. In fact, Dr. Taddonio submitted to Aetna a Health Insurance Claim Form ("Claim Form") in the amount of $168,500.00, which was far in excess of what the Plan provides in coverage for this procedure. Aetna, as the Plan's claim administrator, approved Curran's out-of-network claim and paid Dr. Taddonio $4,443.99. This amount was paid based on the Plan's "Recognized Charge" — a reimbursement limit the Plan places on payment of benefits for out-of-network services. Upon issuing this payment, Defendants completely performed all their obligations under the Plan.

Notwithstanding the foregoing, Curran repeatedly wrote to Aetna seeking additional payments for Dr. Taddonio's services that are not covered by the Plan. Specifically, Curran sent Aetna letters dated April 7, 2011, July 7, 2011, September 26, 2011, October 28, 2011, November 15, 2011, November 28, 2011, and January 7, 2012, in which she asked for several documents related to Aetna's benefit determination as well as its claim review procedures. Aetna answered all of these letters to the best of its ability. By letter dated March 9, 2012, Curran also requested information from TriNet by enclosing her letters to Aetna and similarly asking TriNet to provide the same information she had requested from Aetna. This action followed.

Curran's Complaint should be dismissed in its entirety and with prejudice because none of the causes of action asserted against the Defendants state a viable claim for relief. Curran's First Cause of Action seeks recovery of plan benefits against Defendants under the ERISA§ 502 (a)(1)(B), 29 U.S.C. §1132(a)(1)(B), but again, Aetna already paid all benefits available under the Plan terms and Curran has not identified any Plan terms that entitle her to additional benefit payments. *See Curtiss-Wright Corp.* v. *Schoonejongen*, 514 U.S. 73, 83 (1995). Curran's Second Cause of Action seeks declaratory and injunctive relief, as well as statutory penalties against Defendants under ERISA §502(c), 29 U.S.C. §1132(c) based on their alleged failure to supply a copy of the Summary Plan Description ("SPD") and relevant documents considered by Aetna during its claim review. Here, the Complaint fails to state a claim for relief because Curran did not address any letter to the Plan Administrator in which she specifically asked for a copy of the SPD and to the extent she made these requests to Aetna, her claim for statutory penalties for Aetna's purported non-compliance does not provide any basis for the imposition of statutory penalties as a matter of law because Aetna is not the Plan Administrator. *See Krauss* v. *Oxford Health Plans, Inc.*, 517 F.3d 614, 631 (2d Cir. 2008). More importantly, Curran admits in the Complaint that she was in possession of the SPD all along. To the extent, Curran seeks statutory penalties under ERISA §502(c) for other documents allegedly requested and not received, she has not identified any such requests that provide a basis for imposition of statutory penalties. *See, e.g., Wilczynski* v. *Lumbermens Mut. Cas. Co.*, 93 F.3d 397, 406 (7th Cir. 1996).

Curran's Third Cause of Action against Aetna for an alleged breach of ERISA fiduciary duty under ERISA §404(a)(1)(A)(B) and (D) fails to state a claim for relief and should be dismissed. Preliminarily, Aetna's payment of benefits in accordance with Plan terms is not a breach of fiduciary duty. *See Harris Trust & Savings Bank* v. *John Hancock Mut. Life Ins. Co.*, 302 F.3d 18 (2d Cir. 2002). Secondly, ERISA §404, 29 U.S.C. §1104 does not provide Curran with a private right of action apart from her ERISA §502(a) remedies and must therefore be dismissed. *See Biomed Pharms.* v. *Oxford Health Plans (NY), Inc.*, 775 F. Supp. 2d 730, 737-38 (S.D.N.Y. 2011). Thirdly, to the extent Curran's Third Cause of Action can be construed as seeking relief under ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), that claim is merely duplicative of Curran's claim for benefits under ERISA §502(a)(1)(B) and should be dismissed for this reason as well. *See Kendall* v. *Employees Retirement Plan of Avon Products*, 561 F.3d 112 (2d Cir. 2009).

Curran's Fourth Cause of Action for an alleged breach of ERISA fiduciary duty by TriNet under ERISA §405(a)(3), 29 U.S.C. §1105(a)(3) also fails to state a claim for relief for the same reasons her Third Cause of Action should be dismissed. Furthermore, the Complaint does not even allege any breach of ERISA fiduciary duty committed by TriNet because Aetna is the claim fiduciary — not TriNet. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 113 (1988).

Curran's Fifth Cause of Action alleges a state law based tortious interference with contractual relations claim that must be dismissed because it is completely preempted by ERISA. *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004). Curran's requests for consequential and punitive damages under this cause of action are similarly preempted by ERISA and must be dismissed. *See* ERISA §502, 29 U.S.C. §1132.

Finally, Curran's Complaint improperly requests a jury trial. However, jury trials are not available in ERISA cases. *See Muller v. First Unum Life Ins. Co.*, 341 F.3d 119, 124 (2d Cir. 2003). Accordingly, Curran's request for a jury trial should be stricken.

Given the foregoing, Curran's Complaint, and all of the causes of action alleged therein, should be dismissed as a matter of law. In Curran's Opposition filed today, she appears to challenge whether the Court may consider the documentary evidence attached to the Declarations of Robert Gallion and Helen Hong on the grounds that this evidence is outside of the Complaint. On a motion to dismiss, however, the court may consider "the facts stated on the face of the complaint and in documents appended to the complaint or incorporated in the complaint by reference, as well as [ ] matters of which judicial notice may be taken." *Hertz Corp. v. City of New York*, 1 F.3d 121, 125 (2d Cir. 1994). All of the documents annexed to the Declarations of Mr. Gallion and Ms. Hong are referenced in the Complaint.

For the foregoing reasons, Defendants request that the Court schedule a pre-motion conference to discuss their proposed motion to dismiss in accordance with Your Honor's Individual Practice Rules and the Court's May 13, 2013 Order. briefing schedule.

Thank you for your consideration of this matter.

Respectfully submitted,

Michael H. Bernstein
Sedgwick LLP

MHB

cc: David J. Squirrell, Esq.

*[Handwritten note:]* Plaintiff's to respond to the merits portion of this letter by May 24, 2013. So ordered. MK 5/17/13