**BANKS, CURRAN, SCHWAM & SQUIRRELL, LLP**
ATTORNEYS & COUNSELLORS AT LAW

BARBARA BANKS SCHWAM
DAVID J. SQUIRRELL

61 SMITH AVENUE
MOUNT KISCO, N.Y. 10549

MEMO ENDORSED

OF COUNSEL
MAURICE F. CURRAN
WILLIAM F. BANKS, RETIRED

(914) 666-2161
Fax: (914) 666-2450

May 23, 2013

**HAND DELIVERED TO CHAMBERS**
Hon. Kenneth M. Karas
United States District Court
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

Re: Curran v. Aetna et al
    Docket No.: 13 cv 00289 (KMK)

Honorable Sir:

Pursuant to this Court's Endorsement Order, dated May 17, 2013, Plaintiffs submit the following points on the merits for the Court's consideration in determining Defendants' application for leave to file a Rule 12 (b) (6) Motion to Dismiss Plaintiffs' Complaint, which was filed January 14, 2013.

Plaintiffs' Complaint asserts four separate claims under ERISA. The Fifth Claim, a New York state claim for tortious interference with a contract, was withdrawn by Plaintiffs, said withdrawal So Ordered by this Court's Endorsement Order dated May 17, 2013.

1. Plaintiffs submit that the reviewing court, on a Rule 12 (b) (6) motion, is obligated to confine its consideration to "facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken". Allen v. WestPoint-Pepperell Inc., 945 F 2d 40, 44 (2d Cir. 1991); Leonard F. v. Israel Disc. Bank of N.Y., 199 F. 3d 99, 107 (2d Cir. 1999). Plaintiffs submit that the District Court should dismiss the Complaint only if it appears beyond doubt that the Plaintiffs can prove no set of facts in support of their claims. Conley v.

1

<u>Gibson</u>, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957); <u>King v. Simpson,</u> 189 F. 3d 284, 286 (2d Cir. 1999).

2. Defendants' Counsel's letter to the Court, dated May 13, 2013, incorporates the following factual statements for the Court's consideration in determining Counsel's application to make Defendants' Rule 12 (b) (6) Motion; none of these fact allegations are alleged or referenced in the Complaint. Counsel's fact statements are outside the Complaint and are inconsistent with the Complaint allegations:

   a. Defendants' Counsel asserts in his letter that Aetna approved Plaintiffs' claim under the Aetna Group Health Plan and paid Dr. Taddonio $4443.09; and that "this amount was paid on the Plan's Recognized Charge" (Counsel's letter, p. 2, 1st para.). The Complaint contains no such allegation that $4443.99 was the "Recognized Charge" under the Aetna Plan. To the contrary, the Complaint alleges the payment of $119,658.42 had been approved for payment to Dr. Taddonio as the "recognized charge" under the Plan ( Para. 21, Complaint) and that Aetna's Claims Listing on its website showed that Aetna had approved the payment of $119,658.42 to Dr. Taddonio ( Para. 19, Complaint).

   b. Defendants' Counsel argues that the Third Claim against Aetna for breach of fiduciary obligation under ERISA Section 404 (a) (1) (A) (B) and (D) should be dismissed, without Answer or Discovery, on the ground that Aetna's payment of $4443.99 to Dr. Taddonio "is not a breach of fiduciary duty" (Counsel's letter, p.2, para. 4). Contrary to Counsel's factual assertion, the Third Claim asserts that Aetna, as an operator of the Plan, was subject to the fiduciary standards set out in ERISA Section 404 (a) (1) (A) and (B), with the duty to determine payment under the Plan <u>solely</u> in the interest of Plaintiffs; that TriNet, prior to January 7, 2011, had urged Plaintiff Bridget M. Curran to select an Aetna

2

out-of-network surgeon; that Aetna had approved the payment of $119,268.42, but then rescinded said payment by the device of substituting a new case number for the original case number by pronouncing that Aetna "had made an error" in approving the $119,658.42; that said actions constituted self-dealing and a breach of Aetna's fiduciary obligations under ERISA, resulting in consequential monetary damages to Plaintiffs, as alleged in paragraphs 58 to 62 of the Complaint. The Third Claim asserts that Aetna was in a conflict position and that its actions in rescinding the $119,658.42 payment and substituting the new Case number to approve the $4442.99 payment were not taken solely in the interest of Plaintiffs. The duty of fiduciaries of an ERISA plan is the same as that imposed on trustees under the common law. Cf. Abbruscatto v. Empire Blue Cross and Blue Shield, 274 F. 3d 90 (2d Cir. 2001), cert. den. 123 S. Ct. 1015; Donovan v. Bierwith, 680 F. 2d 263, 272 (n.8) (2d Cir. 1982), cert. den. 459 U.S. 1069 (1983); Schoenholtz v. Doniger, 628 F. Supp. 1420, 1428 (S.D.N.Y, 1986).

c.   Defendants' Counsel makes the assertion that Plaintiffs' Second Claim for statutory penalties against Defendants under ERISA Section 502 (c) does not lie "as a matter of law because Aetna is not the Plan Administrator" (letter, p. 2, para. 3). Defendant's Counsel asserts that Plaintiff Bridget M. Curran "has not identified any such requests [for documents and information] that provide a basis for imposition of statutory penalties" (letter, p.2, para. 3). The Second Claim alleges that TriNet, as the Plan Administrator, and Aetna, as the agent for the Plan Administrator, had the duty and fiduciary obligation to inform and respond to Plaintiffs' requests for documents and information pursuant to ERISA Sections 503 and 505, as implemented by the U.S. Dept. of Labor's Rules and Regulations (Part 2560), Section 2560.503-1(Complaint, Para. 30); that Aetna under the Plan was responsible for complying with the ERISA reporting rules and

3

      regulations on a timely and accurate basis (Complaint, Para. 31); that Aetna did not produce the documents and information detailed in the Complaint (Para. 32 to 35); that Aetna's course of conduct in stonewalling Plaintiffs' efforts to obtain the required documents and information was deliberate and willful ( Para. 35); and, that by reason of said breach of fiduciary obligations, Plaintiffs are entitled to be awarded the statutory penalties provided for under ERISA Section 502 (c)( Para. 43 to 46). Plaintiffs submit that Defendants' Counsel's assertion that the allegations under the Second Claim do not set forth an actionable claim as a matter of law (letter, p.2, para.3) is wide of the mark.

3. Plaintiffs submit that the essence of Defendants' Counsel's May 13, 2013 letter is that the four ERISA claims in the Complaint should be dismissed as a matter of law, based on the factual evidence given by Counsel in his May 13, 2013 letter to the Court. Plaintiffs submit that Counsel's fact testimony is contrary to the factual allegations set forth in the Complaint. Plaintiffs submit that Counsel's version of the facts has no place in a paper offered to the Court as justification for granting leave to file a Rule 12 (b) (6) Motion to Dismiss the Complaint. The net effect of Counsel's application is to seek a grant of summary judgment to Defendants, based on the fact testimony of Counsel for Defendants. Defendants have not served or filed an Answer to the Complaint. Defendants have not served their Required Initial Disclosure mandated under Rule 26 (a) (1), Fed. R. Civ. Proc. Plaintiffs served their Rule 26 (a) (1) Required Initial Disclosure on May 22, 2013.

   Accordingly, Plaintiffs respectfully submit that Defendants' application to the Court under letter dated May 13, 2013 should be denied with prejudice. Plaintiffs respectfully request that Defendants be ordered to file and serve their Answer to the Complaint; and to serve their Rule 26 (a) (1) Required Initial Disclosure in due course following service of their Answer.

Respectfully submitted,

4

DAVID J. SQUIRRELL (DS 8646)

Cc: Michael H. Bernstein, Esq. (MB 0579)
    Attorney for Defendants **By email**

> The Court will hold a pre-motion conference on July 16, 2013, at 2:00
>
> So Ordered.
>
> /s/ KMK
>
> 5/29/13

5