*No parties Added*

*No Summons Iss-*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
(WHITE PLAINS)

------------------------------------------------------------ )
Bridget M. Curran, individually, and as
Natural Guardian of C.F. C., a Minor,

                             Plaintiffs,

                                                13- c- 00289
                              v.                          (NSR)
                                                AMENDED COMPLAINT
Aetna Life Insurance Company,                    (ECF)
TriNet Group, Inc., and
The TriNet Open Access Managed Choice Plan,

                             Defendants.
------------------------------------------------------------ )

Plaintiffs, complaining of Defendants, severally and jointly, pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), allege:

## PARTIES

1. At all times herein mentioned, plaintiff Bridget M. Curran, an individual citizen residing in Pleasantville, New York, was a member-participant and an insured under a certain ERISA group health plan known as the TriNet Open Access Managed Choice Plan ("the Plan").

2. At all times herein mentioned, plaintiff C.F.C., a minor age 15 years on January 7, 2011, was the son and dependent of plaintiff Bridget M. Curran, his Natural Guardian and, as such, was a covered beneficiary under the said group health Plan.

3. At all times herein mentioned, defendant Aetna Life Insurance Company of Hartford, Connecticut ("Aetna"), a corporation doing business in New York, was the insurer, underwriter, and agent for defendant TriNet Group, Inc. ("TriNet") under the said ERISA group health policy (No. GP 811317-FL), effective date October 1, 2010.

4. Upon information and belief, at all times herein mentioned TriNet Group, Inc. was a corporation doing business in the Southern District of New York and was the issuer and ERISA Administrator of the said group health insurance policy.

5. TriNet Open Access Managed Choice Plan ("the Plan") is the entity designated and identified by Aetna and TriNet as the group health insurance plan under the ERISA Summary Plan Description ("SPD") set forth in the Plan.

6. Said Plan is joined as a defendant in this civil action pursuant to ERISA Section 502(d), 29 U.S.C. Section 1132(d) in order to recover accrued benefits under the Plan.

## JURISDICTION and VENUE

7. Plaintiffs reside in Westchester County, New York.

8. Defendants Aetna and TriNet are corporations doing business in this District.

9. This Court has jurisdiction pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. Sections 1000-1461, over which this Court possesses original jurisdiction pursuant to 29 U.S.C. Section 1132(e).

10. Venue is proper in this District in that defendants do business in this District and the acts complained of occurred in this District.

## FIRST CLAIM AGAINST DEFENDANTS AETNA AND TRINET FOR RECOVERY OF PLAN BENEFITS UNDER ERISA SECTION 502 (a) (1) (B), 29 U.S.C. SECTION 1132 (a) (1) (B)

11. Plaintiffs repeat the forestated allegations.

12. This claim seeks to recover benefits and enforce rights under the Plan.

13. On or about January 7, 2011 plaintiff C.F.C. underwent scoliosis surgery as a service covered under the Plan at the Stamford Hospital, Stamford, CT.; said service was performed by his physician/surgeon, Rudolph F. Taddonio, M.D., an out-of-network provider covered under the Plan.

14. On or about January 10, 2011 said provider Rudolph F. Taddonio, M.D. submitted to Aetna, as insurer under the Plan, a certain Health Insurance Claim Form (Claim Form), dated January 10, 2011, to recover payment of his medical charges for the said surgery performed on plaintiff C.F.C. at the Stamford Hospital.

15. Said Claim Form was submitted to Aetna as insurance underwriter and agent for TriNet, the Plan Administrator, in accordance with the accepted and uniform procedures under the Plan for payment of surgical services covered under the Plan.

16. Said Claim Form submitted to Aetna by Dr. Rudolph F. Taddonio itemized eight (8) separate surgical procedures and the respective charges for the eight separate procedures, with the stated total amount of $168,500.

17. Pursuant to ERISA and in conjunction with said Plan TriNet had issued to plaintiff Bridget M. Curran a certain Booklet-Certificate stating the terms and conditions of coverage under the Plan, which said Booklet-Certificate, incorporated herein by reference, plus Additional Information provided by TriNet, constituted the Plan's Summary Plan Description ("SPD").

18. In reviewing, assessing, determining, and reporting on the said claim, Aetna acted as insurer, underwriter, and agent for the Plan Administrator and, as such, assumed and was in a conflict of interest position.

19. Upon information and belief, from sometime in April, 2011 until September 11, 2011, Aetna's Claims Listing in its authorized internet website showed that Aetna had approved the payment of $119,658.42 to provider Rudolph F. Taddonio, M.D. for said claim as the approved and recognized charge under the Plan for the scoliosis surgery performed on C.F.C. on January 7, 2011.

20. Upon information and belief, a print-out from Aetna's authorized Claims Listing on its official internet website, dated June 27, 2011, showed that $119,658.42 was "Paid by Plan" to Rudolph F. Taddonio, M.D. as the provider of C.F.C.'s surgery; and that "your Plan pays $119,658.42" to Dr. Taddonio for his said surgery service.

21. Upon information and belief, prior to May 31, 2011, said amount of $119,658.42 had been approved for payment to Dr. Taddonio under the Plan as the reasonable and customary charge, i.e. the recognized charge under the Plan for the said surgery he performed on January 7, 2011.

22. Notwithstanding the forestated approvals under the Plan, the only payments made to date to Dr. Taddonio are the payment, dated March 10, 2011, in the amount of $2988.70 and the subsequent payment, dated December 26, 2011, on plaintiff Bridget M. Curran's appeal, in the amount of $1455.29, making a total payment by Aetna to Dr. Taddonio as provider in the amount of $4443.99.

23. By letter dated May 31, 2011 Aetna notified plaintiff Bridget M. Curran that Aetna had made an error in approving $119,658.42 as the recognized charge for said surgery and that by reason of said error Aetna had assigned a new case number to the subject claim under the Plan (case number 2011053102067).

24. By reason of the premises, said amount of $119,658.42 had been approved for payment to Dr. Taddonio for having performed the subject surgery on January 7, 2011 and was due and payable by Aetna to Dr. Taddonio under the Plan.

25. In failing to make payment of said $119,658.42 to Dr. Taddonio under the Plan, notwithstanding Aetna's approval of said amount as the recognized charge for said surgical service under the Plan, defendants, severally and jointly, breached and violated the terms and conditions of the Plan to the detriment and prejudice of plaintiffs.

26. By reason of the premises plaintiffs have been damaged in the amount of $119,658.42, plus interest, and said amount, plus interest, less the paid amount of $4443.99, is due and payable to Rudolph Taddonio, M.D.; and said defendants, severally and jointly, are liable to make said payment to Rudolph F. Taddonio, M.D. as the provider of said service.

27. Defendants, severally and jointly, should be directed by this District Court to make payment of $119,658.42, less the amount of $4443.99, plus interest, to Dr. Rudolph F. Taddonio pursuant to ERISA Section 502 (a) (1) (B), 29 U.S.C. Section 1132 (a)(1) (B).

28. Plaintiffs request the District Court in its discretion to award attorneys' fees pursuant to ERISA Section 502 (g), 29 U.S.C. Section 1132 (g).

SECOND CLAIM AGAINST DEFENDANTS AETNA, TRINET AND THE TRINET OPENACCESS MANAGED CHOICE PLAN FOR DECLARATORY AND INJUNCTIVE (MANDAMUS) RELIEF AND STATUTORY PENALTIES UNDER ERISA SECTION 502 (c), 29 U.S.C. SECTION 1132 (c).

29. Plaintiffs repeat the forestated allegations.

30. Defendant TriNet, as the Plan Administrator, and defendant Aetna, as the agent for the Plan Administrator, had the duty and fiduciary obligation, severally and jointly, pursuant to Sections 503 and 505 of ERISA, 29 U.S. C. Sections 1133 and 1135, as implemented by the U.S. Department of Labor's Rules and Regulations (Part 2560), Section 2560.503-1, to inform and respond to plaintiffs' requests for documents and information pertaining to plaintiffs' claim for coverage and payment of said surgery under said Plan, including defendants' adverse determinations with respect to said claim.

31. The Plan's SPD confirms that Aetna, acting on behalf of and as agent for TriNet as Plan Administrator, is responsible for complying with the ERISA reporting rules and regulations on a timely and accurate basis.

32. Pursuant to said statutory and regulatory disclosure requirements, plaintiff Bridget M.Curran pro se and by her attorney requested defendant Aetna to provide itemized information and documents pertaining to Aetna's adverse determinations of Dr. Rudolph F. Taddonio's claim for payment under the Plan of his charges as provider of the surgical service performed January 7, 2011; including the identity of Aetna's claim reviewers, the medical overseers and consultants, if any, together with the documentation, statements, and reports, which served as the basis for rejecting Dr. Taddonio's submitted claim; the medical review and determination documents and reports which served as the basis for Aetna's approval of $119,658.42 as the recognized charge for the scoliosis surgery performed by Dr. Taddonio on January 7, 2011; the documents and reports utilized by Aetna in approving Aetna's first payment of $2988.70 and Aetna's second payment on appeal of $1455.29; and the documents and information, including any direction or communication from TriNet to Aetna, which "informed or directed Aetna's investigation and review of the subject claim".

33. Plaintiffs submitted seven (7) requests in writing to Aetna for specific documents and information relating to Aetna's adverse determinations of the subject claim, viz. April 7, 2011, July 7, 2011, September 26, 2011, October 28, 2011, November 15, 2011, November 28, 2011, and January 7, 2012.

34. Notwithstanding plaintiffs' citation of the ERISA statutory mandate (Sections 503 and 505 of ERISA, 29 U.S.C. Sections 1133 and 1135) and the Department of Labor's regulatory requirements set forth in 29 C.F.R. Section 2560.503-1, defendant Aetna did not produce the requested documents and information referred to in said seven letter requests, and referred to in paragraph 33 above.

35. Aetna's willful, deliberate, and continuing course of conduct in not responding to plaintiffs' said requests and in stonewalling plaintiffs' attempts to obtain the referenced documents and information required to be produced by Aetna as agent for TriNet, the Plan's Administrator under the ERISA statute and regulations, constituted a willful and contumacious violation by Aetna of its fiduciary and ERISA obligations to plaintiffs.

36. By certified letter (return receipt), dated March 9, 2012, with copy to Aetna, plaintiffs' attorney directly requested TriNet as fiduciary and Plan Administrator to provide a copy of the documents and information itemized in the seven letters identified in paragraph 33 supra in accordance with the Secretary of Labor's directions set forth in 29 CFR Section 2560.503-1.

37. By said letter to TriNet, dated March 9, 2012, plaintiffs also requested TriNet to produce a copy of any document or transmission between TriNet and Aetna related to Aetna's investigation and review of the subject claim and Aetna's prior approval of $119,658.42 as the recognized charge for the subject surgery.

38. TriNet made a response to said letter of March 9, 2012 by E-mail and first class letter, dated April 26, 2012, but did not provide any of the requested documents or information, citing as justification for its non-production the purported prohibition under the Health Insurance Portability and Accountability Act of 1996, which objection was subsequently withdrawn by TriNet letter dated May 18, 2012

39. By letter, dated March 22, 2012, Aetna responded to said letter to TriNet of March 9, 2012, but did not provide any of the itemized documents and information referred to in plaintiffs' letters set forth in paragraph 33 supra, with the exception of a certain two-page document entitled " Prevailing Fee Information from Network Data".

40. By letter to plaintiffs' counsel, dated May 18, 2012, TriNet affirmed that TriNet was obligated under ERISA and its Regulations to provide a copy of the requested documents and information under its control, and affirmed that TriNet's files do not contain any such documents or information.

41. Plaintiffs' counsel's letter to TriNet, dated May 22, 2012 called upon TriNet, as Administrator/fiduciary under the subject ERISA Plan, to require Aetna to produce the said specified documents and information, as set forth in plaintiffs' counsel's letter to TriNet, dated March 9, 2012; by said letter, dated May 22, 2012, TriNet was requested to obtain the said documents from Aetna by June 25, 2012.

42. By letter dated July 16, 2012 TriNet asserted that its fiduciary responsibilities as Plan Administrator had been allocated to Aetna pursuant to Section 405 © ERISA and that TriNet

does not "currently or previously have in its possession or control" any of the documents or information set forth in plaintiffs' counsel's letter to TriNet dated March 9, 2012. Said requested documents and information have not been produced as of the date of the filing of this Complaint.

43. By reason of the premises defendants Aetna and TriNet have breached their respective fiduciary obligations under ERISA Sections 404 (a) (1), 502 © and 503; and the implementing Regulations (29 CFR Section 2560.503-1).

44. By reason of the premises defendants, severally and jointly, should be directed and compelled, pursuant to the order of this District Court, to fully respond to plaintiffs' said requests for documents and information as set forth in said letter requests identified in paragraph 33 supra.

45. By reason of the premises plaintiffs request this District Court, in its discretion, to adjudicate and award to plaintiffs the penalty assessments against defendants, severally and jointly, as provided in ERISA Section 502 ©, 29 U.S.C. Section 1132 (c).

THIRD CLAIM FOR COMPENSATORY DAMAGES AGAINST DEFENDANT AETNA FOR BREACH OF FIDUCIARY DUTY UNDER ERISA SECTION 404 (a) (1) (A) (B) and (D), 29 U.S.C. Section 1104 (a) (1) (A) (B) AND (D), PURSUANT TO ERISA SECTION 502 (a) (3) (B); 29 U.S.C. SECTION 1132 (a) (3) (B).

46. Plaintiffs repeat the forestated allegations.

47. The Plan's Summary Plan Description affirms that "the people who operate your plan" are fiduciaries of the plan and "have a duty to do so prudently and in your interest".

48. At all times herein mentioned Aetna as insurer, underwriter, and agent for TriNet as Administrator of the Plan was an operator of the Plan within the meaning of the Plan's Summary Plan Description.

49. At all times herein mentioned Aetna as fiduciary of the Plan was subject to the fiduciary standards of care and conduct prescribed by ERISA Section 404 (a) (1) (A) (B) and (D), 29 U.S.C. Section 1104 (a) (1) (A) (B) and (D), including the standards of prudence, loyalty, and absence of self-dealing.

50. Said fiduciary standards of care and conduct included the duty of loyalty to plaintiffs as the Plan's beneficiaries and, in particular, the duty to make determinations regarding payment for medical charges covered under the Plan solely in the interest of plaintiffs as the Plan's beneficiaries.

51. By virtue of the fact that Aetna served both as insurer and fiduciary under the Plan, Aetna was in a conflict of interest position in determining the recognized charge for the subject surgery performed by Rudolph F. Taddonio, M.D., an out-of-network provider.

52. Prior to January 7, 2011 TriNet had recommended and urged to plaintiff Bridget M. Curran that she select an Aetna in-network surgeon covered under the Plan to perform the scoliosis surgery for her son, plaintiff C.F.C.

53. By letter dated May 31, 2011 Aetna notified Plaintiff Bridget M. Curran that it had made an error in having approved the payment of $119,658.42 to Dr. Rudolph F. Taddonio as the recognized charge for the subject surgery.

54. Aetna by said letter, dated May 31, 2011, notified plaintiff Bridget M. Curran that it had changed C.F.C.'s claim case number for coverage of the January 7, 2011 surgery from case number 2011041300501 to case number 2011053102067.

55. Upon information and belief, Aetna's purpose in rescinding the said prior case number and replacing it with a different case number was to nullify Aetna's determination that it had approved the payment of $119,658.42 to Dr. Taddonio as the provider of the said surgical service.

56. Upon information and belief, Aetna's first payment of $2988.70 to Rudolph F. Taddonio, M.D. on March 10, 2011 and Aetna's second payment on appeal of $1455.29 to Rudolph F. Taddonio, M.D. on December 26, 2011 were made by Aetna as a substitute for Aetna's said approval of $119,658.42 as the recognized charge under the Plan for the subject surgery.

57. Upon information and belief, Aetna utilized and applied its in-network protocol format and payment schedule to one or more of the discrete surgical procedures performed by Dr. Taddonio on January 7, 2011 in determining the said respective payments of $2988.70 and $1455.29 as the payments due under the Plan.

58. Said actions by Aetna 1) in nullifying its determination of $119,658.42 as the recognized charge for the subject surgery performed by Dr. Taddonio as an out-of-network surgeon and 2) in determining the payment of the two said respective amounts of $2988.70 and $1455.29 were not taken by defendant Aetna "solely in the interest" of plaintiffs as the Plan's beneficiaries and violated Aetna's fiduciary obligations to plaintiffs under ERISA Section 404 (a) (1) (A), (B) and (D); 29 U.S.C. Section 1104 (a) (1) (A). (B) and (D).

59. Upon information and belief, the forestated actions taken by defendant Aetna were in violation of its said fiduciary obligations to plaintiffs, were taken by reason of defendant Aetna's financial self-interest and self-dealing, and not solely in the interest of the plaintiffs as the participants and beneficiaries under the Plan.

60. Upon information and belief, Rudolph F. Taddonio, M.D. would have accepted the said amount of $119,658.42 in full payment of his charges for the subject surgery, if said amount had been paid to him in a timely manner.

61. Plaintiff Bridget M. Curran, as the contracting party with Rudolph F. Taddonio, M.D., has been, and continues to be the recipient of bills from Dr. Taddonio in the said billed amount of $168,500 as an account stated for his performance of the subject surgery on January 7, 2011.

62. By reason of the premises plaintiff Bridget M. Curran has sustained monetary damages in the amount of $119,658.42, plus interest; and $168,500, the amount of the said account stated, plus interest, less the amounts previously paid by defendant Aetna to Dr. Taddonio.

63. Plaintiffs' state law claims for consequential damages, arising out of or related to Defendant Aetna's said breach of its fiduciary obligations under ERISA section 404 (a) (1) (A) (B) or (D) have been preempted under the Employees Retirement Income Security Act of 1974 (P.L. 93-406, Sept. 2, 1974) (ERISA).

64. Said amount of $168,500, or any portion thereof, which remains as an unpaid account stated liability against Plaintiff Bridget M. Curran is recoverable by Plaintiff Bridget M. Curran against Defendant Aetna as monetary consequential damages under ERISA Section 502 (a) (3) (B) by reason of Defendant Aetna's breach of fiduciary obligations under ERISA Section 404 (a) (1) (A) (B) or (D).

65. Said amount of $119,658.42, or any portion thereof, which is not recovered by Plaintiffs under ERISA Section 502 (a) (1) (B) is recoverable by Plaintiffs against Defendant Aetna as monetary consequential damages under ERISA Section 502 (a) (3) (B) by reason of Defendant Aetna's breach of its fiduciary obligations under ERISA Section 404 (a) (1) (A) (B) or (D).

66. By reason of the premises, Defendant Aetna is obligated and required, pursuant to ERISA Section 502 (a) (3) (B), to compensate Plaintiffs for the said consequential monetary damages resulting to Plaintiffs from Defendant Aetna's said breaches of fiduciary obligations in rescinding said payment of $119,268.42 to Dr. Rudolph Taddonio.

67. By reason of the premises, Defendant Aetna is obligated and required, pursuant to ERISA Section 502 (a) (3) (B), to compensate Plaintiff Bridget M. Curran for the said consequential monetary damages resulting from said $168,500, or any part thereof, remaining unpaid as an account stated liability against said plaintiff.

68. Said monetary compensatory damages, when recovered by Plaintiffs from Defendant Aetna constitute "make whole" relief to Plaintiffs under ERISA Section 502 (a) (3) (B).

<u>FOURTH CLAIM FOR COMPENSATORY DAMAGES AGAINST DEFENDANT TRINET FOR BREACH OF FIDUCIARY DUTY UNDER ERISA SECTION 405 (a) (1), (2), and (3), 29 USC Section 1105 (a) (1), (2), and (3), PURSUANT TO ERISA SECTION 502 (a) (3) (B); 29 U.S.C. Section 1132 (a) (3) (B)</u>

69. Plaintiffs repeat the forestated allegations.

70. By letter dated March 9, 2012 and subsequent letter, dated May 22, 2012, plaintiffs' counsel notified TriNet that Aetna had approved the payment of $119,658.42 to Dr. Rudolph Taddonio for the subject January 7, 2011 spinal surgery as the amount payable under the subject TriNet Group Health Plan.

71. The Claims Listing Aetna TriNet website, dated 6/27/2011, shows that $119,658.42 is "In Progress" and is to be "Paid by Plan" to Dr. Taddonio for his in-patient surgical service performed January 7, 2011.

72. Upon information and belief, said approved amount of $119,658.42 for payment to Dr. Taddonio was the contract amount, as determined by Aetna as the insurance underwriter under said ERISA Group Health Plan, due and payable to Dr. Taddonio as the out-of-network provider.

73. Said letters, dated March 9, 2012 and May 22, 2012, respectively, further advised TriNet that Aetna had notified plaintiff Bridget M. Curran by letter dated May 31, 2011 that Aetna had made an error in approving said payment of $119,658.42 to Dr. Taddonio and that the approval of said amount under the original claim case number (2011041300501) was under review by Aetna under a new claim case number (2011053102067).

74. Said letters further advised TriNet that the total payment made by Aetna to Dr. Taddonio was in the amount of $4443.99 and that, by changing the claim case numbers, Aetna had purportedly nullified its prior determination of $119,658.42 as the contracted amount for the subject out-of-network surgery.

75. By reason of the premises TriNet was on notice that Aetna had breached its fiduciary and contractual obligations to plaintiffs under the subject ERISA Plan in failing to make payment to Dr. Taddonio of $119,658.42 as the recognized charge for the out-of-network subject surgery.

76. By said letters, dated March 9, 2012 and May 22, 2012, respectively, plaintiffs requested TriNet , as Administrator/fiduciary under the subject ERISA Plan, to provide to plaintiffs a copy of the specified documents and information, as set forth therein, pursuant to 29 USC Section 1132, 29 CFR Section 2560.503-1.

77. Plaintiffs' counsel's letter to TriNet, dated May22, 2012, called upon TriNet, as Administrator/fiduciary under the subject ERISA Plan, to require Aetna to produce the said designated documents and information, as itemized in plaintiffs' counsel's letter to TriNet, dated March 9, 2012; by said letter TriNet was requested to obtain the said documents and information from Aetna by June 25, 2012.

78. By letter dated July 16, 2012 TriNet asserted that its fiduciary responsibilities as Plan Administrator had been allocated to Aetna pursuant to Section 405 (c) ERISA and that TriNet does not "currently or previously have in its possession or control" any of the documents or information set forth in plaintiffs' counsel's letter to TriNet dated March 9, 2012. Said requested documents have not been produced as of the date of the filing of this Complaint.

79. TriNet has not made reasonable efforts under the circumstances to remedy Aetna's said breaches a) in failing to pay the contracted amount of $119,658.42 to Dr. Taddonio as the recognized charge for the subject out-of-network surgery, and b) in failing to require Aetna to produce the requested documents and information required under 29 CFR Section 2560.503-1.

80. By reason of the premises defendant TriNet is liable to plaintiffs for the damages resulting to plaintiffs from Aetna's said breaches, pursuant to ERISA Section 405 (a) (3), 29 USC Section 1105 (a) (3).

81. Upon information and belief, Rudolph F. Taddonio, M.D. would have accepted the amount of $119,658.42 in full payment of his charges for the subject surgery, if said amount had been paid to him by Aetna in a timely manner.

82. Plaintiff Bridget M. Curran, as the contracting party with Rudolph F. Taddonio, M.D., has been, and continues to be, the recipient of bills from Dr. Taddonio in the said billed amount of $168,500 (less payments received from Aetna) as an account stated for his performing the subject surgery on January 7, 2011.

83. Plaintiffs' state law claims against Defendant TriNet for consequential monetary damages arising out of related to Defendant TriNet's said breaches of its fiduciary obligations under ERISA Section 405 (a) are preempted under the Employee Retirement Security Act of 1974; P.L. 93-406, Sept. 2, 1974 (ERISA).

84. Said amount of $168,500 or any part thereof, which remains as an unpaid account stated against Plaintiff Bridget M. Curran is recoverable by and due and owing to Plaintiff Bridget M. Curran by Defendant TriNet as consequential monetary damages under ERISA Section 502 (a) (3) (B)..

85. Said amount of $119,658.42 or any part thereof, which is not recovered by plaintiffs under ERISA Section 502 (a) (3) (B) is due and owing by Defendant TriNet to Plaintiffs as consequential monetary damages under ERISA Section 502 (a) (1) (B)..

86. The payment by Defendant TriNet to Plaintiffs of said compensatory monetary damages constitutes "make whole" relief to Plaintiffs under ERISA Section 502 (a) (3) (B).

WHEREFORE, plaintiffs request the following relief and damages against Defendants, severally and jointly:

1. On the FIRST CLAIM, monetary judgment in favor of Plaintiffs against Defendants Aetna and TriNet in the amount of $119,658.42, less the amounts previously paid by Aetna to Dr. Taddonio, plus interest;

2. On the SECOND CLAIM, declaratory and Injunctive Mandamus Judgment against Defendants Aetna and TriNet for violation of Sections 503 and 505 of ERISA, 29 U.S.C. Sections 1133 and 1135 and Section 2560.503-1, U.S. Department of Labor Regulations; and an order and judgment, in the discretion of the District Court, imposing the penalties and fines against Defendants, severally and jointly, as prescribed by ERISA Section 502 (c) (1), 29 U.S.C. Section 1132 (c) (1);

3. On the THIRD CLAIM, monetary judgment, pursuant to ERISA Section 502 (a) (3) (B), against Defendant Aetna in favor of Plaintiff Bridget M. Curran in the amount of $119,658.42,

plus interest; and $168,500, the amount of the account stated, plus interest, less the amount awarded to Plaintiffs on the claim for $119,658.42, plus interest, less the amounts previously paid by Aetna to Dr. Taddonio;

4. On the FOURTH CLAIM, monetary judgment, pursuant to ERISA Section 502 (a) (3) (B), against defendant TriNet in favor of Plaintiff Bridget M. Curran in the amount of $119,658.4, plus interest; and $168,500, the amount of the account stated, plus interest, less the amount awarded to Plaintiffs on the claim for $119,658.42, plus interest, less the amounts previously paid by Aetna to Dr. Taddonio;

5. Pursuant to ERISA Section 502 (d) (2) any money judgment due hereunder shall be enforceable against defendant The TriNet Open Access Managed Choice Plan.

Together with interest, costs, and disbursements; and attorneys' fees as may be awarded by the District Court in its discretion, pursuant to ERISA Section 502 (g).

Dated August 2, 2013

                                      Banks, Curran, Schwam, & Squirrell, LLP
                                      Attorneys for Plaintiffs
                                      61 Smith Avenue
                                      Mount Kisco, N.Y. 10549
                                      914-666-2161

                                      _____
                                      David J. Squirrell, Esq. (DS 8646)
                                         Member of the Firm