UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
BRIDGET M. CURRAN, individually, and
as natural Guardian of C.F.C., a minor.

                              Plaintiff,           Civ. Action. No.
           -against-                                13-cv-00289(NSR)

AETNA LIFE INSURANCE COMPANY, TRINET GROUP,
INC., and THE TRINET OPEN ACCESS MANAGED
CHOICE PLAN,

                              Defendants.
------------------------------------------------------------------------X

# DEFENDANTS' REPLY MEMORANDUM OF LAW
# IN SUPPORT OF MOTION TO DISMISS

                                                SEDGWICK LLP
                                                *Attorneys for Defendants*
                                                225 Liberty Street, 28th Floor
                                                New York, New York 10281
                                                Telephone: (212) 422-0202
                                                Facsimile:  (212) 422-0925
                                                (Sedgwick file no. 0322-008166)

*Michael H. Bernstein*
*John T. Seybert*
*Ryan C. Chapoteau*
   Of Counsel

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT ..................................................................................................................................3

    POINT I:

    CURRAN'S SECOND CAUSE OF ACTION FOR STATUTORY
    PENALTIES UNDER ERISA 502(c) SHOULD BE DISMISSED ...............................3

    POINT II:

    CURRAN'S THIRD CAUSE OF ACTION AGAINST AETNA
    SEEKING MONETARY DAMAGES FOR BREACH OF ERISA
    FIDUCIARY DUTIES SHOULD BE DISMISSED ........................................................5

        A.    Curran Failed To Allege An Actionable Breach Of ERISA
              Fiduciary Duty ......................................................................................................5

        B.    Plaintiff Is Not Entitled To A Duplicate Benefit Claim Under
              ERISA §502(a)(3) .................................................................................................6

        C.    Curran's Third Cause of Action Does Not Seek Equitable Relief .........................6

    POINT III:

    CURRAN'S FOURTH CAUSE OF ACTION AGAINST TRINET SHOULD
    BE DISMISSED ................................................................................................................8

    POINT IV:

    DISCOVERY IS UNNECESSARY ..................................................................................9

CONCLUSION .............................................................................................................................10

CERTIFICATE OF SERVICE .....................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anderson* v. *Sotheby's Inc. Severance Plan*,
  No. 04 Civ. 8180 (SAS)(DFE), 2005 WL 1309056 (S.D.N.Y. May 31, 2005) ................................. 4

*Biomed Pharms.* v. *Oxford Health Plans (NY), Inc.*,
  775 F. Supp. 2d 730 (S.D.N.Y. 2011) ......................................................................................... 6

*CIGNA* v. *Amara*,
  131 S.Ct. 1866 (2011) ................................................................................................................ 7

*Edgar* v. *Avaya, Inc.*,
  503 F.3d 340 (3d. Cir. 2007) ................................................................................................... 10

*Faber* v. *Metropolitan Life Ins. Co.*, No. 08-cv-10588, 2009 WL 3415369 (S.D.N.Y. Oct. 23, 2009),
  *aff'd* 648 F.3d 98 (2d Cir. 2011) ............................................................................................. 8

*Gates* v. *United Health Group*,
  Case No. 11-cv-3487 (KBF), 2012 WL 2953050 (S.D.N.Y. Jul. 16 2012) ............................ 3, 4

*Groves* v. *Modified Retirement Plan*,
  803 F.2d 109 (3d Cir. 1986) ...................................................................................................... 3

*Herrington* v. *Household Int'l, Inc.*,
  No. 02 C 8257, 2004 WL 719355 (N.D. Ill. Mar. 31, 2004) .................................................... 8

*Hightower* v. *Hartford Life & Acc. Ins. Co.*,
  No. 3:11-cv-1619(RNC), 2013 WL 5446127 (D. Conn. Sept. 30, 2013) ................................. 4

*In re Citigroup ERISA Litig.*,
  662 F.3d 128 (2d Cir. 2011) .................................................................................................... 10

*Juliano* v. *Helath Maintenance Org. of N.J., Inc.*,
  221 F.3d 279 (2d Cir. 2000) ...................................................................................................... 4

*Kennedy* v. *Plan Administrator for DuPont Savings & Invest. Plan*,
  555 U.S. 285 (2009) ................................................................................................................... 5

*Krauss* v. *Oxford Health Plans, Inc.*,
  517 F.3d 614 (2d Cir. 2008) ...................................................................................................... 4

*LaRue* v. *DeWolff, Boberg & Assocs., Inc.*,
  552 U.S. 248 (2008) ................................................................................................................... 9

*Levin* v. *Credit Suisse, Inc.*,
   No. 11-cv-5252(RJS), 2013 WL 1296312 (S.D.N.Y. Mar. 19, 2013) ..................................6

*Massachusetts Mutual Life Ins. Co.* v. *Russell*,
   473 U.S. 134 (1985) ............................................................................................... 2, 6, 7

*Mertens* v. *Hewitt Associates*,
   508 U.S. 248 (1993) ...................................................................................................... 2, 7

*Mohamed* v. *Sanofi-Aventi's Pharms.*,
   No. 06 Civ. 1504, 2009 WL 4975260 (S.D.N.Y. Dec. 22, 2009) ............................................4

*Schlenger* v. *Fid. Employer Servs. Co., LLC*,
   785 F. Supp. 2d 317 (S.D.N.Y. 2011) ....................................................................................7

*Sereboff* v. *MidAtlantic Med. Servs., Inc.*,
   547 U.S. 356 (2006) ................................................................................................................7

*Silverman* v. *Mutual Benefit Life Ins. Co.*,
   138 F.3d 98 (2d Cir. 1998) ......................................................................................................9

*Stern* v. *Oxford Health Plans, Inc.*,
   No. 12-cv-2379(JFB)(ETB), 2013 WL 3762898 (E.D.N.Y. July 17, 2013) ..........................6

*Thurber* v. *Aetna Life Ins. Co.*,
   712 F.3d 654 (2d Cir. 2013) ....................................................................................................7

*Varity Corp.* v. *Howe*,
   516 U.S. 487 (1996) ........................................................................................................... 5, 6

*Wilczynski* v. *Lumbermens Mut. Cas. Co.*,
   93 F.3d 397 (7th Cir. 1996) .....................................................................................................3

*Wilkins* v. *Mason Tenders District Council Pension Fund*,
   445 F.3d 572 (2d Cir. 2006) ....................................................................................................6

**Statutes**

Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq.* ......................1

ERISA §104; 29 U.S.C. §1024 ..............................................................................................................4

ERISA §3(21), 29 U.S.C. §1002(21) ....................................................................................................8

ERISA §404, 29 U.S.C. §1104 ..............................................................................................................1

ERISA §405(a), 29 U.S.C. §1105(a) .....................................................................................................8

ERISA §409, 29 U.S.C. §1109 ..............................................................................................................9

ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) ................................................................. 2, 3, 4, 5, 6, 8, 9

Rule 12(b)(6) Fed. R. Civ. P. ........................................................................................................... 1

## Regulations

29 C.F.R. §2560.503-1 ................................................................................................................... 3

# PRELIMINARY STATEMENT

Defendants Aetna Life Insurance Company ("Aetna"), The TriNet Group, Inc. ("TriNet"), and TriNet Group, Inc. Section 125, Section 129, and Flexible Spending Account Plan incorrectly sued herein as The TriNet Open Access Managed Choice Plan (the "Plan") (collectively "Defendants"), by their attorneys, Sedgwick LLP, submit this Reply Memorandum of Law in further support of their motion to dismiss, with prejudice, the Second, Third, and Fourth Causes of Action of Plaintiff Bridget Curran, individually, and as guardian of minor C.F.C.'s ("Curran") Amended Complaint pursuant to Rule 12(b)(6) FED. R. CIV. P. and in response to Plaintiffs' Memorandum of Law In Opposition to Defendants' Motion to Dismiss dated September 26, 2013 ("Opp.")

Curran brought this action against the Defendants challenging Aetna's determination of the amount of health care benefits payable under her employee welfare benefit plan for certain services rendered to the minor Plaintiff. The health plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq.* Curran's Amended Complaint also asserts three causes of action seeking statutory penalties and consequential damages, which are not available under ERISA. Curran's Second Cause of Action seeks statutory penalties for both Defendants' alleged failure to provide documents comprising the administrative claim file. While Aetna disputes that it failed to provide any responsive and relevant documents, it is not a proper party for Plaintiff's alleged statutory penalty claims as a matter of law. Furthermore, statutory penalties are not available for an alleged violation of ERISA regulations requiring disclosure of an administrative claim file. In addition, and as discussed in Defendants' moving memorandum of law, Curran never made a direct request for any documents from TriNet and, as such, Curran's statutory penalty claim against TriNet is meritless as a matter of law.

Curran's Third Cause of Action alleges that Aetna breached its fiduciary duties under ERISA §404, 29 U.S.C. §1104 and seeks monetary damages that were allegedly sustained due to that breach.

1

Under well-settled ERISA jurisprudence, however, Curran is only entitled to pursue a claim for plan benefits under ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B); she is not entitled to pursue a claim for consequential damages based on Aetna's adverse benefit determination. As a matter of law, consequential damages are not available under ERISA. Indeed, these types of claims have been consistently rejected by the U.S. Supreme Court. *See Massachusetts Mutual Life Ins. Co.* v. *Russell*, 473 U.S. 134 (1985); *see also Mertens* v. *Hewitt Associates,* 508 U.S. 248 (1993).

Curran's Fourth Cause of Action seeks consequential damages from TriNet for its alleged failure to correct Aetna's purported fiduciary breach. Again, as a matter of law, consequential damages are not available under ERISA. Furthermore, as demonstrated in the Defendant's initial motion papers, TriNet did not have any fiduciary duty pertaining to Curran's benefit claims under the terms of the Plan because it had delegated full discretionary authority to interpret plan terms and adjudicate benefit claims to Aetna. Curran's opposition fails to provide any legal support for her claim for compensatory damages under ERISA §502(a)(2), 29 U.S.C. §1132(a)(2), and case law holds that such damages are also not available under ERISA.

Curran's remaining points for denying Defendants' motion to dismiss are meritless. Curran's opposition asserts that Defendants' motion is based on facts outside the four corners of her Amended Complaint, but all of these facts have either been alleged in her Amended Complaint or are based on documents incorporated by reference in Curran's Amended Complaint. Curran also argues, inaccurately, that this Court must accept all of her allegations as true. As a matter of law, however, Plaintiff's allegations of law are not entitled to any deference and Plaintiff's factual allegations, which are contradicted by documents referenced in the Amended Complaint, are similarly not entitled to deference. Curran further argues that she requires discovery to prove allegations and oppose Defendants' motion, but this Court stayed discovery while the motion to

dismiss is pending. More importantly, this motion to dismiss is based on questions of law and no issues of fact can inform these points.

For these reasons, and as discussed more fully below, as well as in Defendants' initial moving papers, this Court should issue an order dismissing Curran's Second through Fourth Causes of Action with prejudice.

## ARGUMENT

### POINT I

### CURRAN'S SECOND CAUSE OF ACTION FOR STATUTORY PENALTIES UNDER ERISA 502(c) SHOULD BE DISMISSED

Defendants moved to dismiss Curran's Second Cause of Action because it seeks statutory penalties under ERISA §502(c), 29 U.S.C. §1132(c) for Defendants' purported failure to provide documents under 29 C.F.R. §2560.503-1. (Defs' MOL, pp. 9-12).[1] It is well-established that such damages are not available under ERISA §502(c). *See Wilczynski* v. *Lumbermens Mut. Cas. Co.*, 93 F.3d 397 (7th Cir. 1996); *Groves* v. *Modified Retirement Plan*, 803 F.2d 109 (3d Cir. 1986). Curran's opposition confirms that she seeks statutory penalties only for Defendants' alleged failure to provide her with a complete copy of the administrative record in violation of 29 C.F.R. §2560.503-1. (Opp., p. 9). While Aetna denies Curran's assertion, Curran's cause of action based on this purported regulatory violation does not provide any basis for an award of statutory penalties as a matter of law. *See Gates* v. *United Health Group*, Case No. 11-cv-3487 (KBF), 2012 WL 2953050, *12 n.15 (S.D.N.Y. Jul., 16 2012) (citing *Wilczynski, supra*).

Notably, Curran's opposition ignores this fundamental flaw and therefore fails to cite any case law supporting her claimed entitlement to statutory penalties for this alleged regulatory

---

[1] "Defs' MOL" refers to Defendants' Memorandum of Law In Support of Motion To Dismiss dated August 26, 2013.

violation. Instead, Curran cites *Juliano* v. *Helath Maintenance Org. of N.J., Inc.*, 221 F.3d 279 (2d Cir. 2000), where the court found that a violation of 29 C.F.R. §2560.503-1 did not provide the plaintiff with a greater right to benefits. In contrast to the absence of case law supporting her claimed right to statutory penalties for an alleged violation of 29 C.F.R. §2560.503-1, multiple cases hold that a violation of the regulation cited by Curran does not provide any basis for ERISA §502(c) statutory penalties. *See Gates*, 2012 WL 2953050 at *12 n.15; *Anderson* v. *Sotheby's Inc. Severance Plan,* No. 04 Civ. 8180 (SAS)(DFE), 2005 WL 1309056 (S.D.N.Y. May 31, 2005); *see also Mohamed* v. *Sanofi-Aventi's Pharms.,* No. 06 Civ. 1504, 2009 WL 4975260, *21 (S.D.N.Y. Dec. 22, 2009).

The remainder of the cases Curran cites discuss the availability of statutory penalties for a plan administrator's failure to provide a copy of the Summary Plan Description ("SPD") upon Plaintiff's request for same. These cases are inapposite because Curran is not seeking penalties for either Defendants' failure to provide a copy of the SPD.[2] Notably, Curran admits she possessed the SPD all along. (Amended Complaint ¶¶ 17, 31). Moreover, with respect to her claim against Aetna, Curran fails to cite any case that overturns *Krauss* v. *Oxford Health Plans, Inc.*, 517 F.3d 614 (2d Cir. 2008), holding that a claim administrator and insurer of an ERISA Plan is not liable for statutory damages under ERISA §502(c). *See Hightower* v. *Hartford Life & Acc. Ins. Co.*, No. 3:11-cv-1619(RNC), 2013 WL 5446127, *10 (D. Conn. Sept. 30, 2013). Consequently, Curran has failed to allege a claim in her Second Cause of Action upon which relief may be granted. This cause of action should therefore be dismissed as a matter of law against both Defendants.

---

[2] A plaintiff may seek statutory penalties for a failure to provide an SPD. ERISA §104; 29 U.S.C. §1024.

# POINT II

## CURRAN'S THIRD CAUSE OF ACTION AGAINST AETNA SEEKING MONETARY DAMAGES FOR BREACH OF ERISA FIDUCIARY DUTIES SHOULD BE DISMISSED

Defendants moved to dismiss Curran's Third Cause of Action seeking monetary damages under ERISA §502(a)(3)(B), 29 U.S.C. §1132(a)(3)(B) because: (1) Curran did not allege a breach of an ERISA fiduciary duty to support a claim; (2) Curran seeks relief that is duplicative of her benefits claim; and (3) Curran seeks legal damages, which are not "other appropriate equitable relief" under ERISA §502(a)(3). Curran's Opposition concedes that she seeks legal, compensatory damages under ERISA §502(a)(3)(B). Moreover, Curran fails to allege a breach of ERISA fiduciary duty because all she alleges is that Aetna failed to pay her benefits in accordance with governing Plan terms, which is a claim for benefits under ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B).

### A. Curran Failed To Allege An Actionable Breach Of ERISA Fiduciary Duty

Curran argues that Aetna's failure to pay the amount she alleges to be due under the terms of the Plan is a breach of ERISA fiduciary duty. (Opp., p.16). To the extent Curran alleges Aetna's decision to pay $4,443.99 in benefits, as opposed to $119,658.42, was arbitrary and capricious, that claim is already alleged in her First Cause of Action seeking Plan benefits under ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B). But this alleged failure to pay Plan benefits does not provide a basis for additional relief under any other section of ERISA. *See Varity Corp.* v. *Howe*, 516 U.S. 487, 509-10 (1996). Moreover, payment of benefits in accordance with governing plan terms is not a breach of ERISA fiduciary duty. *See Kennedy* v. *Plan Administrator for DuPont Savings & Invest. Plan*, 555 U.S. 285, 303 (2009). Consequently, Curran's allegations fail to set forth a breach that is actionable under ERISA §502(a)(3).

B.   **Plaintiff Is Not Entitled To A Duplicate Benefit Claim Under ERISA §502(a)(3)**

ERISA §502(a)(3) provides only limited equitable relief in circumstances where other sections of ERISA's civil enforcement scheme do not provide an "appropriate" remedy for a fiduciary breach. *See Varity Corp.*, 516 U.S. at 509-10. Curran has already alleged that the Defendants failed to pay benefits due under her employee welfare benefit plan, under ERISA §502(a)(1)(B); she is not permitted a second claim for the same relief under ERISA 502(a)(3). *See Wilkins* v. *Mason Tenders District Council Pension Fund*, 445 F.3d 572, 582 (2d Cir. 2006); *Levin* v. *Credit Suisse, Inc.*, No. 11-cv-5252(RJS), 2013 WL 1296312, *3 (S.D.N.Y. Mar. 19, 2013); *Stern* v. *Oxford Health Plans, Inc.*, No. 12-cv-2379(JFB)(ETB), 2013 WL 3762898, *12 (E.D.N.Y. July 17, 2013); *Biomed Pharms.* v. *Oxford Health Plans (NY), Inc.*, 775 F. Supp. 2d 730, 737-38 (S.D.N.Y. 2011). Furthermore, Curran is not entitled to more benefits than the Plan provides as a matter of law and thus, her claim is limited to the remedies available under ERISA §502(a)(1)(B). *Id.*

C.   **Curran's Third Cause of Action Does Not Seek Equitable Relief**

ERISA §502(a)(3) allows plan participants and beneficiaries to pursue causes of action alleging breach of fiduciary duty in order to obtain "other appropriate equitable relief." In her Amended Complaint, however, Curran seeks *legal* damages under a theory of an "account stated" [3] (Opp., p. 17), which damages are not available under ERISA §502(a)(3). Curran has not cited any case supporting her claim that she is entitled to legal money damages under ERISA §502(a)(3).

Essentially, Curran seeks consequential damages for Aetna's alleged failure to timely pay benefits that she alleges were due and owing under the Plan. In *Massachusetts Mut. Life Ins. Co.* v. *Russell,* 473 U.S. 134, 148 (1985), the Court examined ERISA's remedial scheme and concluded that

---

[3] Curran's argument that she has alleged a claim for an "account stated" is specious. First, Curran is not the medical provider who may have a claim for reimbursement for services rendered. Second, Curran has not identified any legal precedent supporting her contention that such relief is available under ERISA as "other appropriate relief." ERISA §502(a)(3), 29 U.S.C. §1132(a)(3).

it does not provide for such extra-contractual remedies. *See also*, *Mertens*, 508 U.S. at 258. Curran admits that she seeks monetary damages in the amount of approximately $168,000.00, which she alleges is the increased amount due and owning because of Aetna's failure to pay the benefits in the first place. (Opp. pp. 17-18, 24). That sort of consequential damages claim is not permitted under ERISA. *Id.*

Curran incorrectly relies on *CIGNA* v. *Amara*, 131 S.Ct. 1866 (2011) as support for her argument that her Third Cause of Action is actually for "make whole" relief, and thus, seeks equitable relief. (Opp., p. 20). In *Amara*, the Supreme Court recognized that as part of the equitable reformation of the plan, monetary damages may be available as "make whole" relief to return the participants in the pension plan at issue to the position that they should have been in before the reformation. The Court *did not hold* that monetary damages are available to claimants in a simple denial of benefits case. In the present action, Curran has not identified any basis for reformation of the plan documents and thus, her claim for "make whole" relief is entirely without legal support and, in fact, inconsistent with the Supreme Court's holding in *Russell, supra.*

Curran mistakenly relies on decisions that allowed a plan to recover overpayment of plan benefits under a theory of equitable restitution. *See, e.g., Schlenger* v. *Fid. Employer Servs. Co., LLC,* 785 F. Supp. 2d 317 (S.D.N.Y. 2011) (citing *Sereboff* v. *MidAtlantic Med. Servs., Inc.*, 547 U.S. 356, 361 (2006)). This type of claim is not analogous to a participant's claim for extra-contractual benefits allegedly caused by the defendant's failure to timely pay plan benefits. They are for the return of a specific sum of money that was wrongfully received by a participant and not returned in violation and Plan terms. *See Thurber* v. *Aetna Life Ins. Co.*, 712 F.3d 654, 663 (2d Cir. 2013). Again, the Supreme Court in *Russell* already addressed this very issue and rejected Curran's arguments for consequential damages under ERISA.

# POINT III

## CURRAN'S FOURTH CAUSE OF ACTION
## AGAINST TRINET SHOULD BE DISMISSED

In order for Curran to sufficiently allege a claim against TriNet under ERISA §405(a), 29 U.S.C. §1105(a) for aiding in a co-fiduciary's breach, she must allege facts demonstrating that TriNet was a fiduciary and that damages are recoverable under ERISA §502(a)(2), 29 U.S.C. §1132(a)(2) for the benefit of the plan. Defendants moved to dismiss Curran's Fourth Cause of Action against TriNet because Curran failed to allege either element of this claim. (Defs' MOL, pp. 17-19). As established in Defendants' initial motion papers, Aetna was the sole claim fiduciary that made all of the benefit decisions on the claims at issue in this case. (Defs' MOL, p. 18). In opposition, Curran argues that she alleged that TriNet was a fiduciary, TriNet was aware of Aetna's purported breach and TriNet failed to correct Aetna's purported breach. (Opp., pp. 21-24). None of these allegations make TriNet the fiduciary as defined by ERISA §3(21), 29 U.S.C. §1002(21) with respect to the claims in issue. To the contrary, Aetna has proven through documentary evidence (*i.e.,* the Plan documents) that it had full discretionary authority to render all benefit claims determinations under the Plan and that TriNet had no authority to overturn Aetna's decision-making. Thus, TriNet was not a co-fiduciary with respect to the payment of plan benefits.[4] (Defs' MOL, pp. 18-19). Moreover, Curran's conclusory allegation that TriNet is a fiduciary in all respects because it is the Plan administrator, this allegation (which is wrong) is not sufficient to withstand this motion to dismiss. In *Herrington* v. *Household Int'l, Inc.*, No. 02 C 8257, 2004 WL 719355, *8 (N.D. Ill. Mar. 31, 2004), the district court dismissed the plaintiffs' breach of co-fiduciary duty claim where the plan

---

[4] The Group Policy and Booklet Certificate for Group Health Policy No. GP 811317-FL, attached as Exhibit "A" to the Declaration of Robert Gallion, is referenced in Paragraphs 3 and 17 of the Amended Complaint. Therefore, the Court may consider the Plan documents in deciding this motion to dismiss. *See Faber* v. *Metropolitan Life Ins. Co.*, No. 08-cv-10588, 2009 WL 3415369, at *1, n.1 (S.D.N.Y. Oct. 23, 2009), *aff'd* 648 F.3d 98 (2d Cir. 2011).

similarly established that the defendant had delegated all discretionary authority to a claim fiduciary and thus, did not act as a fiduciary with respect to the benefit claims in issue.

Curran has also not alleged a viable claim for damages, despite her conclusory argument that she has sufficiently pled a claim for damages under ERISA §502(a)(3). (Opp., pp. 22-23). A claim alleging Defendant's failure to act when there is a breach by an ERISA co-fiduciary is enforceable under ERISA §502(a)(2), which provides for only limited relief under ERISA §409, 29 U.S.C. §1109. ERISA §409 requires that any losses caused by the breach of ERISA fiduciary be restored to the plan; Curran has not identified any losses to the Plan. ERISA §409 also allows for removal of a plan fiduciary, but Curran has not sought this remedy, and this would be inappropriate if she had done so. Rather, Curran concedes that she seeks individualized compensatory damages, which are not available under ERISA §502(a)(2) and §409(a), 29 U.S.C. §1109(a). (Opp., p. 24); *see LaRue* v. *DeWolff, Boberg & Assocs., Inc.* 552 U.S. 248, 254 (2008)*; Silverman* v. *Mutual Benefit Life Ins. Co.,* 138 F.3d 98, 104 (2d Cir. 1998). Accordingly, Curran has failed to allege a claim for which relief may be granted, as a matter of law.

## POINT IV

## DISCOVERY IS UNNECESSARY

Curran misleadingly argues that factual disputes exist requiring that discovery be allowed to go forward before this Court rules on whether her causes of action should be dismissed as a matter of law. (Opp., p. 2). On July 30, 2013, the parties attended a pre-motion conference to discuss Defendants' request to file this motion to dismiss. (Declaration of Michael H. Bernstein dated Aug. 26, 2013, Ex. "F"). Upon granting Defendants leave to move to dismiss the Second, Third, and Fourth Causes of Action of the Amended Complaint, the Court did not issue a scheduling order for discovery to proceed. (*Id.*). Of note, the Court only found that Curran's First Cause of Action required resolution of certain issues of fact and was not ripe for a motion to dismiss, but determined

that a motion to dismiss may be filed for the remaining causes of action at issue. (*Id.*). Accordingly, this Court has already determined that discovery is unnecessary to rule upon Defendants' motion to dismiss Curran's Second, Third, and Fourth Causes of Action.

Moreover, discovery is not necessary when, accepting all facts as true, the allegations of the Amended Complaint do not support claim upon which relief may be granted. *See, e.g., In re Citigroup ERISA Litig.*, 662 F.3d 128, 139 (2d Cir. 2011) ("Where plaintiffs do not allege facts sufficient to establish that a plan fiduciary has abused his discretion, there is no reason not to grant a motion to dismiss") (citing *Edgar* v. *Avaya, Inc.*, 503 F.3d 340, 349 (3d. Cir. 2007) (seeing "no reason to allow this case to proceed to discovery when, even if the allegations are proven true, [plaintiff] Edgar cannot establish that defendants abused their discretion"). As demonstrated here and in Defendants' Memorandum of Law In Support of Motion to Dismiss, there is no need for discovery to address the sufficiency of Curran's Second, Third and Fourth Causes of Action. Accordingly, this Court should review Defendants' motion and dismiss these claims with prejudice because none of them state a plausible claim for relief.

## CONCLUSION

For the reasons set forth in Defendants' initial moving papers and the foregoing reasons, Defendants respectfully request that this Court grant its motion and issue an Order dismissing, with prejudice, the Second, Third, and Fourth Causes of Action of Curran's Amended Complaint against Defendants.

                                                  Respectfully submitted,

                                                   s/ Michael H. Bernstein
                                                  Michael H. Bernstein
                                                  SEDGWICK LLP
                                                  225 Liberty Street, 28th Floor
                                                  New York, NY 10281
                                                  Telephone: (212) 422-0202
                                                  *Attorneys for Defendants*

To:

David J. Squirrell, Esq.
BANKS, CURRAN, SCHWAM & SQUIRRELL, LLP
61 Smith Avenue
Mount Kisco, NY  10549
Telephone: (914) 666-2161
*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I, JOHN T. SEYBERT, hereby certify and affirm that a true and correct copy of the attached DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS was served via ECF on this 15th day of October, 2013, upon the following:

> David J. Squirrell, Esq.
> Banks, Curran & Squirrell, LLP
> 61 Smith Street
> Mount Kisco, NY 10549

s/
JOHN T. SEYBERT

Dated: New York, New York
October 15, 2013