UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BRIDGET M. CURRAN, individually, and
as natural Guardian of C.F.C., a minor.   Civ. Act. No.: 13-cv-00289

                Plaintiff,

-against-   **ANSWER TO AMENDED COMPLAINT**

AETNA LIFE INSURANCE COMPANY,
TRINET GROUP, INC., and THE TRINET
OPEN ACCESS MANAGED CHOICE PLAN,   DOCUMENT ELECTRONICALLY FILED

                Defendants.
------------------------------------------------------------X

        Defendants, AETNA LIFE INSURANCE COMPANY ("Aetna"), TRINET GROUP, INC. ("TriNet"), and THE TRINET GROUP, INC. OPEN ACCESS MANAGED CHOICE PLAN (the "Plan"), by and through their attorneys, SEDGWICK LLP, as and for their Answer to plaintiffs' Amended Complaint dated July 12, 2013, respectfully sets forth the following upon information and belief.

        FIRST:      Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "1" of the plaintiffs' Amended Complaint, except admit that Bridget M. Curran ("Curran") was enrolled in the Plan under Member Id. No. W1844592701.

        SECOND:      Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "2" of the plaintiffs' Amended Complaint as alleged, except admit that Plaintiff C.F.C. was enrolled in the Plan under Member Id. No. W184452702.

        THIRD:      Deny each and every allegation contained in paragraph "3" of the plaintiffs' Amended Complaint, except admit that Aetna's principal place of business is Hartford, CT, it is authorized to transact business in New York, and it issued Group Health (the "Policy") Policy No. GP811317-F4, insuring the Plan benefits subject to the terms, conditions, limitations and exclusions of the Policy.

FOURTH:    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "4" of the plaintiffs' Amended Complaint and respectfully refer all questions of law to the Honorable Court, except admit that TriNet is a corporation and the Plan Administrator.

FIFTH:    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "5" of the plaintiffs' Amended Complaint, except admit that the plan benefits are insured subject to the terms of the Policy and respectfully refers the Honorable Court the Policy for its terms.

SIXTH:    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "6" of the plaintiffs' Amended Complaint and respectfully refers all questions of law to the Honorable Court, except deny that plaintiffs seek to recover any benefits accrued under the Plan.

SEVENTH:    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "7" of the plaintiffs' Amended Complaint.

EIGHTH:    Deny each and every allegation contained in paragraph "8" of the plaintiffs' Amended Complaint.

NINTH:    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "9" of the plaintiffs' Amended Complaint and respectfully refers all questions of law to the Honorable Court for resolution, except admit that plaintiffs were enrolled in the Plan, which is an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.*, as amended ("ERISA").

TENTH:    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "10" of the plaintiffs' Amended Complaint and respectfully refers all

2

questions of law to the Honorable Court for resolution, except admit that plaintiffs were enrolled in the Plan, which is an employee welfare benefit plan governed by ERISA.

## AS AND FOR AN ANSWER TO PLAINTIFFS' FIRST CLAIM

ELEVENTH:  In response to paragraph "11" of the plaintiffs' Complaint, defendant repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "FIRST" through "TENTH" inclusive, with the same force and effect as if more fully set forth at length herein.

TWELFTH:   Deny each and every allegation contained in paragraph "12" of the plaintiffs' Amended Complaint.

THIRTEENTH:   Deny each and every allegation contained in paragraph "13" of the plaintiffs' Amended Complaint as alleged, and respectfully refer to the claim file pertaining to plaintiffs' claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

FOURTEENTH:   Deny each and every allegation contained in paragraph "14" of the plaintiffs' Amended Complaint as alleged, and respectfully refer to the claim file pertaining to plaintiffs' claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

FIFTEENTH:   Deny each and every allegation contained in paragraph "15" of the plaintiffs' Amended Complaint as alleged, and respectfully refer to the claim file pertaining to plaintiffs' claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

SIXTEENTH:   Deny each and every allegation contained in paragraph "16" of the plaintiffs' Amended Complaint as alleged, and respectfully refer to the claim file pertaining to plaintiffs' claim kept and

3

maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

SEVENTEENTH: Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "17" of the plaintiffs' Amended Complaint, except admit TriNet issued a copy of the Policy and the additional documents to Curran, which comprise the summary Plan Description ("SPD") for the Plan.

EIGHTEENTH: Deny each and every allegation contained in paragraph "18" of the plaintiffs' Amended Complaint, except admit that Aetna insured Plan benefits subject to the terms of the Policy.

NINETEENTH: Deny each and every allegation contained in paragraph "19" of the plaintiffs' Amended Complaint as alleged, and respectfully refer to the claim file pertaining to plaintiffs' claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

TWENTIETH: Deny each and every allegation contained in paragraph "20" of the plaintiffs' Amended Complaint as alleged, and respectfully refer to the claim file pertaining to plaintiffs' claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

TWENTY-FIRST: Deny each and every allegation contained in paragraph "21" of the plaintiffs' Amended Complaint as alleged, and respectfully refer to the claim file pertaining to plaintiffs' claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

TWENTY-SECOND: Deny each and every allegation contained in paragraph "22" of the plaintiffs' Amended Complaint as alleged, and respectfully refer to the claim file pertaining to plaintiffs' claim kept and

4

maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

TWENTY-THIRD:   Deny each and every allegation contained in paragraph "23" of the plaintiffs' Amended Complaint as alleged, and respectfully refer to the claim file pertaining to plaintiffs' claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

TWENTY-FOURTH: Deny each and every allegation contained in paragraph "24" of the plaintiffs' Amended Complaint as alleged, and respectfully refer to the claim file pertaining to plaintiffs' claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

TWENTY-FIFTH:   Deny each and every allegation contained in paragraph "25" of the plaintiffs' Amended Complaint as alleged, and respectfully refer to the claim file pertaining to plaintiffs' claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

TWENTY-SIXTH:   Deny each and every allegation contained in paragraph "26" of the plaintiffs' Amended Complaint as alleged, and respectfully refer to the claim file pertaining to plaintiffs' claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

TWENTY-SEVENTH:   Deny each and every allegation contained in paragraph "27" of the plaintiffs' Amended Complaint.

TWENTY-EIGHTH: Deny each and every allegation contained in paragraph "28" of the plaintiffs' Amended Complaint.

**AS AND FOR AN ANSWER TO PLAINTIFFS' SECOND CLAIM**

TWENTY-NINTH: In response to paragraph "29" of the plaintiffs' Complaint, defendant repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "FIRST" through "TWENTY EIGHT" inclusive, with the same force and effect as if more fully set forth at length herein.

THIRTIETH: Deny each and every allegation contained in paragraph "30" of the plaintiffs' Amended Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

THIRTY-FIRST: Deny each and every allegation contained in paragraph "31" of the plaintiffs' Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the claim file pertaining to plaintiffs' claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

THIRTY-SECOND: Deny each and every allegation contained in paragraph "32 of the plaintiffs' Complaint as alleged, and respectfully refer to the claim file pertaining to plaintiffs' claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

THIRTY-THIRD: Deny each and every allegation contained in paragraph "33" of the plaintiffs' Amended Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

THIRTY-FOURTH: Deny each and every allegation contained in paragraph "34" of the plaintiffs' Amended Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

THIRTY-FIFTH: Deny each and every allegation contained in paragraph "35" of the plaintiffs' Amended Complaint.

THIRTY-SIXTH: Deny each and every allegation contained in paragraph "36" of the plaintiffs' Amended Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the claim file pertaining to plaintiffs' claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

THIRTY-SEVENTH: Deny each and every allegation contained in paragraph "37" of the plaintiffs' Amended Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the claim file pertaining to plaintiffs' claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

THIRTY-EIGHTH: Deny each and every allegation contained in paragraph "38" of the plaintiffs' Amended Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the claim file pertaining to plaintiffs' claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

THIRTY-NINTH: Deny each and every allegation contained in paragraph "39" of the plaintiffs' Amended Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the claim file pertaining to plaintiffs' claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

FORTIETH: Deny each and every allegation contained in paragraph "40" of the plaintiffs' Amended Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the claim file pertaining to plaintiffs' claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

FORTY-FIRST: Deny each and every allegation contained in paragraph "41" of the plaintiffs' Amended Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully

refers to the claim file pertaining to plaintiffs' claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

   FORTY-SECOND: Deny each and every allegation contained in paragraph "42" of the plaintiffs' Amended Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the claim file pertaining to plaintiffs' claim kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

   FORTY-THIRD: Deny each and every allegation contained in paragraph "43" of the plaintiffs' Amended Complaint.

   FORTY-FOURTH: Deny each and every allegation contained in paragraph "44" of the plaintiffs' Amended Complaint.

   FORTY-FIFTH: This claim is dismissed by Order dated November 22, 2013.  To the extent a response is required Defendants deny each and every allegation in paragraph "45" of the Amended Complaint.

## **AS AND FOR AN ANSWER TO PLAINTIFFS' THIRD CLAIM**

   FORTY-SIXTH: In response to paragraph "46" of the plaintiffs' Complaint, defendant repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "FIRST" through "FORTY-FIFTH" inclusive, with the same force and effect as if more fully set forth at length herein.

   FORTY-SEVENTH: This claim is dismissed by Order dated November 22, 2013.  To the extent a response is required Defendants deny each and every allegation in paragraph "47" of the Amended Complaint.

   FORTY-EIGHTH: This claim is dismissed by Order dated November 22, 2013.  To the extent a response is required Defendants deny each and every allegation in paragraph "48" of the Amended Complaint.

FORTY-NINTH:	This claim is dismissed by Order dated November 22, 2013.  To the extent a response is required Defendants deny each and every allegation in paragraph "49" of the Amended Complaint.

FIFTIETH:	This claim is dismissed by Order dated November 22, 2013.  To the extent a response is required Defendants deny each and every allegation in paragraph "50" of the Amended Complaint.

FIFTY-FIRST:	This claim is dismissed by Order dated November 22, 2013.  To the extent a response is required Defendants deny each and every allegation in paragraph "51" of the Amended Complaint.

FIFTY-SECOND:	This claim is dismissed by Order dated November 22, 2013.  To the extent a response is required Defendants deny each and every allegation in paragraph "52" of the Amended Complaint.

FIFTY-THIRD:	This claim is dismissed by Order dated November 22, 2013.  To the extent a response is required Defendants deny each and every allegation in paragraph "53" of the Amended Complaint.

FIFTY-FOURTH:	This claim is dismissed by Order dated November 22, 2013.  To the extent a response is required Defendants deny each and every allegation in paragraph "54" of the Amended Complaint.

FIFTY-FIFTH:	This claim is dismissed by Order dated November 22, 2013.  To the extent a response is required Defendants deny each and every allegation in paragraph "55" of the Amended Complaint.

FIFTY-SIXTH:	This claim is dismissed by Order dated November 22, 2013.  To the extent a response is required Defendants deny each and every allegation in paragraph "56" of the Amended Complaint.

FIFTY-SEVENTH:	This claim is dismissed by Order dated November 22, 2013.  To the extent a response is required Defendants deny each and every allegation in paragraph "57" of the Amended Complaint.

FIFTY-EIGHTH:	This claim is dismissed by Order dated November 22, 2013.  To the extent a response is required Defendants deny each and every allegation in paragraph "58" of the Amended Complaint.

FIFTY-NINTH:   This claim is dismissed by Order dated November 22, 2013.  To the extent a response is required Defendants deny each and every allegation in paragraph "59" of the Amended Complaint.

SIXTIETH:   This claim is dismissed by Order dated November 22, 2013.  To the extent a response is required Defendants deny each and every allegation in paragraph "60" of the Amended Complaint.

SIXTY-FIRST:   This claim is dismissed by Order dated November 22, 2013.  To the extent a response is required Defendants deny each and every allegation in paragraph "61" of the Amended Complaint.

SIXTY-SECOND:   This claim is dismissed by Order dated November 22, 2013.  To the extent a response is required Defendants deny each and every allegation in paragraph "62" of the Amended Complaint.

SIXTY-THIRD:   This claim is dismissed by Order dated November 22, 2013.  To the extent a response is required Defendants deny each and every allegation in paragraph "63" of the Amended Complaint.

SIXTY-FOURTH:   This claim is dismissed by Order dated November 22, 2013.  To the extent a response is required Defendants deny each and every allegation in paragraph "64" of the Amended Complaint.

SIXTY-FIFTH:   This claim is dismissed by Order dated November 22, 2013.  To the extent a response is required Defendants deny each and every allegation in paragraph "65" of the Amended Complaint.

SIXTY-SIXTH:   This claim is dismissed by Order dated November 22, 2013.  To the extent a response is required Defendants deny each and every allegation in paragraph "66" of the Amended Complaint.

SIXTY-SEVENTH:   This claim is dismissed by Order dated November 22, 2013.  To the extent a response is required Defendants deny each and every allegation in paragraph "67" of the Amended Complaint.

SIXTY-EIGHTH:   This claim is dismissed by Order dated November 22, 2013.  To the extent a response is required Defendants deny each and every allegation in paragraph "68" of the Amended Complaint.

## AS AND FOR AN ANSWER TO PLAINTIFFS' FOURTH CLAIM

SIXTY-NINTH: In response to paragraph "69" of the plaintiffs' Complaint, defendant repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "FIRST" through "SIXTY-EIGHTH" inclusive, with the same force and effect as if more fully set forth at length herein.

SEVENTIETH: This claim is dismissed by Order dated November 22, 2013. To the extent a response is required Defendants deny each and every allegation in paragraph "70" of the Amended Complaint.

SEVENTY-FIRST: This claim is dismissed by Order dated November 22, 2013. To the extent a response is required Defendants deny each and every allegation in paragraph "71" of the Amended Complaint.

SEVENTY-SECOND: This claim is dismissed by Order dated November 22, 2013. To the extent a response is required Defendants deny each and every allegation in paragraph "72" of the Amended Complaint.

SEVENTY-THIRD: This claim is dismissed by Order dated November 22, 2013. To the extent a response is required Defendants deny each and every allegation in paragraph "73" of the Amended Complaint.

SEVENTY-FOURTH: This claim is dismissed by Order dated November 22, 2013. To the extent a response is required Defendants deny each and every allegation in paragraph "74" of the Amended Complaint.

SEVENTY-FIFTH: This claim is dismissed by Order dated November 22, 2013. To the extent a response is required Defendants deny each and every allegation in paragraph "75" of the Amended Complaint.

SEVENTY-SIXTH: This claim is dismissed by Order dated November 22, 2013. To the extent a response is required Defendants deny each and every allegation in paragraph "76" of the Amended Complaint.

SEVENTY-SEVENTH: This claim is dismissed by Order dated November 22, 2013. To the extent a response is required Defendants deny each and every allegation in paragraph "77" of the Amended Complaint.

SEVENTY-EIGHTH: This claim is dismissed by Order dated November 22, 2013. To the extent a response is required Defendants deny each and every allegation in paragraph "78" of the Amended Complaint.

SEVENTY-NINTH: This claim is dismissed by Order dated November 22, 2013. To the extent a response is required Defendants deny each and every allegation in paragraph "79" of the Amended Complaint.

EIGHTIETH: This claim is dismissed by Order dated November 22, 2013. To the extent a response is required Defendants deny each and every allegation in paragraph "80" of the Amended Complaint.

EIGHTY-FIRST: This claim is dismissed by Order dated November 22, 2013. To the extent a response is required Defendants deny each and every allegation in paragraph "81" of the Amended Complaint.

EIGHTY-SECOND: This claim is dismissed by Order dated November 22, 2013. To the extent a response is required Defendants deny each and every allegation in paragraph "82" of the Amended Complaint.

EIGHTY-THIRD: This claim is dismissed by Order dated November 22, 2013. To the extent a response is required Defendants deny each and every allegation in paragraph "83" of the Amended Complaint.

EIGHTY-FOURTH: This claim is dismissed by Order dated November 22, 2013. To the extent a response is required Defendants deny each and every allegation in paragraph "84" of the Amended Complaint.

EIGHTY-FIFTH: This claim is dismissed by Order dated November 22, 2013. To the extent a response is required Defendants deny each and every allegation in paragraph "85" of the Amended Complaint.

EIGHTY-SIXTH: This claim is dismissed by Order dated November 22, 2013. To the extent a response is required Defendants deny each and every allegation in paragraph "86" of the Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

EIGHTY-SEVENTH: This action and each purported claim asserted therein fails to state facts sufficient to constitute a cognizable claim for relief against Aetna.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

EIGHTY-EIGHTH: The claims for which plaintiff seeks recovery are not payable under the terms of the Plan in effect during the time period of the pertinent allegations in plaintiffs' Amended Complaint.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

EIGHTY-NINTH: Aetna's decision-making was not arbitrary or capricious and therefore, the Court cannot disturb Aetna's determination concerning plaintiffs' claims.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

NINETIETH: Plaintiffs have not properly pled a claim for attorneys' fees under ERISA.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

NINETY-FIRST: Plaintiffs' claims fall outside of, or are otherwise defeated by the terms, conditions, limitations and exclusions of the governing ERISA Plan.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

NINETY-SECOND: Aetna, as claim fiduciary for the subject Plan, is granted complete authority to review all denied claims for benefits under the Plan and discretionary authority to determine: whether and to what extent participants are entitled to benefits; and to construe any and all disputed or doubtful terms of the policy; and Aetna is deemed to have properly exercised this authority unless it abuses its discretion by action

arbitrarily and capriciously.  Aetna's decision-making was not arbitrary or capricious and therefore, the Court cannot disturb its determination concerning plaintiffs' claims.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

NINETY-THIRD: All actions about which plaintiffs complain were either required or permitted by applicable law.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

NINETY-FOURTH: The Court's review of plaintiffs' claims against Defendants is limited to the correspondence, notes and documents contained in the administrative record kept and maintained by Aetna in the regular course of its business.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

NINETY-FIFTH: Plaintiffs' recovery, if any, is limited by the terms, conditions, limitations, exclusions, and other provisions of the Plan documents.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

NINETY-SIXTH: Plaintiffs' Amended Complaint is deficient to the extent they have failed to join a necessary and indispensible party.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

NINETY-SEVENTH:To the extent necessary, Aetna denies all allegations appearing as topic headings or subheadings in plaintiffs' Amended Complaint.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

NINETY-EIGHTH: Plaintiffs' claims against Aetna are barred to the extent that Plaintiffs did not exhaust or timely pursue all administrative and/or contractual appeal remedies with Aetna prior to commencement of this action.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

NINETY-NINTH: Plaintiffs' Amended Complaint fails to allege the circumstances relating to the claims asserted therein with sufficient particularity to enable Defendants to determine whether they may have additional defenses in this action. Therefore, Defendants reserve the right to assert such additional defenses if they later become apparent.

**WHEREFORE**, Defendants pray:

1. That the action be dismissed, or that judgment be entered in favor of defendants, , and against plaintiffs;

2. that defendants, be awarded costs of suit incurred herein;

3. that defendants, be awarded reasonable attorney's fees; and

4. that defendants, be awarded such other and further relief as the Court may deem just and proper

Dated: New York, New York
December 2, 2013

        Respectfully submitted,
         s/ Michael H. Bernstein
MICHAEL H. BERNSTEIN (MB-0579)
JOHN T. SEYBERT (JS-5014)
SEDGWICK LLP
Attorneys for Defendants
225 Liberty Street, 28th Floor
New York, New York 10281
Telephone: (212) 422-0202
Facsimile: (212) 422-0925

To:
David J. Squirrell
Banks Curran Schwam and Squirrell, LLP
*Attorneys for Plaintiff*
61 Smith Avenue
Mount Kisco, NY 10549
(914) 666-2161

15

DOCS/18101198v1

**CERTIFICATE OF SERVICE**

   I, JOHN T. SEYBERT, hereby certify and affirm that a true and correct copy of the **ANSWER TO AMENDED COMPLAINT** attached was served via ECF on this 2nd day of December, 2013, upon the following:

David J. Squirrell
Banks Curran Schwam and Squirrell, LLP
*Attorneys for Plaintiff*
61 Smith Avenue
Mount Kisco, NY 10549
(914) 666-2161

                s/ John T. Seybert
                JOHN T. SEYBERT (JS 5014)

Dated:  New York, New York
      December 2, 2013