UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
(WHITE PLAINS)

------------------------------------------------------------ )
Bridget M. Curran, individually, and as
Natural Guardian of C.F. C., a Minor,

                          Plaintiffs,

              v.                                  13-cv-00289 (NSR)
                                                  SECOND
                                                  AMENDED COMPLAINT
Aetna Life Insurance Company,                     (ECF)
TriNet Group, Inc., and
The TriNet Open Access Managed Choice Plan,

                          Defendants.
------------------------------------------------------------ )

Plaintiffs, complaining of Defendants, severally and jointly, pursuant to the Employee
Retirement Income Security Act of 1974 (ERISA), allege:


## PARTIES

1.   At all times herein mentioned, plaintiff Bridget M. Curran, an individual citizen residing in
Pleasantville, New York, was a member-participant and an insured under a certain ERISA group
health plan known as the TriNet Open Access Managed Choice Plan ("the Plan").

2.   At all times herein mentioned, plaintiff C.F.C., a minor age 15 years on January 7, 2011,
was the son and dependent of plaintiff Bridget M. Curran, his Natural Guardian and, as such, was
a covered beneficiary under the said group health Plan.

3.   At all times herein mentioned, defendant Aetna Life Insurance Company of Hartford,
Connecticut ("Aetna"), a corporation doing business in New York, was the insurer, underwriter,
and agent for defendant TriNet Group, Inc. ("TriNet") under the said ERISA group health policy
(No. GP 811317-FL), effective date October 1, 2010.

4.   Upon information and belief, at all times herein mentioned TriNet Group, Inc. was a
corporation doing business in the Southern District of New York and was the issuer and ERISA
Administrator of the said group health insurance policy.

5.   TriNet Open Access Managed Choice Plan ("the Plan") is the entity designated and
identified by Aetna and TriNet as the group health insurance plan under the ERISA Summary
Plan Description ("SPD") set forth in the Plan.

6.   Said Plan is joined as a defendant in this civil action pursuant to ERISA Section 502(d), 29 U.S.C. Section 1132(d) in order to recover accrued benefits under the Plan.

## JURISDICTION and VENUE

7.   Plaintiffs reside in Westchester County, New York.

8.   Defendants Aetna and TriNet are corporations doing business in this District.

9.   This Court has jurisdiction pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. Sections 1000-1461, over which this Court possesses original jurisdiction pursuant to 29 U.S.C. Section 1132(e).

10.   Venue is proper in this District in that defendants do business in this District and the acts complained of occurred in this District.

## FIRST CLAIM AGAINST DEFENDANTS AETNA AND TRINET FOR RECOVERY OF PLAN BENEFITS AND RIGHTS UNDER ERISA SECTION 502 (a) (1) (B), 29 U.S.C. SECTION 1132 (a) (1) (B)

11.   Plaintiffs repeat the forestated allegations.

12.   This claim seeks to recover benefits and enforce rights under the Plan.

13.   On or about January 7, 2011 plaintiff C.F.C. underwent scoliosis surgery as a service covered under the Plan at the Stamford Hospital, Stamford, CT.; said service was performed by his physician/surgeon, Rudolph F. Taddonio, M.D., an out-of-network provider covered under the Plan.

14.   On or about January 10, 2011 said provider Rudolph F. Taddonio, M.D. submitted to Aetna, as insurer under the Plan, a certain Health Insurance Claim Form (Claim Form), dated January 10, 2011, to recover payment of his medical charges for the said surgery performed on plaintiff C.F.C. at the Stamford Hospital.

15.   Said Claim Form was submitted to Aetna as insurance underwriter and agent for TriNet, the Plan Administrator, in accordance with the accepted and uniform procedures under the Plan for payment of surgical services covered under the Plan.

16.   Said Claim Form submitted to Aetna by Dr. Rudolph F. Taddonio itemized eight (8) separate surgical procedures and the respective charges for the eight separate procedures, with the stated total amount of $168,500.

17.   Pursuant to ERISA and in conjunction with said Plan TriNet had issued to plaintiff Bridget M. Curran a certain Booklet-Certificate stating the terms and conditions of coverage under the

Plan, which said Booklet-Certificate, incorporated herein by reference, plus Additional Information provided by TriNet, constituted the Plan's Summary Plan Description ("SPD"). Said SPD provides that "the people who operate your plan "are plan fiduciaries"

18. In reviewing, assessing, determining, and reporting on the said claim, Aetna acted as insurer, underwriter, and agent for the Plan Administrator and, as such, assumed and was in a conflict of interest position.

19.   Aetna as a Plan operator and TriNet as the Plan Administrator were fiduciaries under the Plan and were obligated to make claim determinations solely in the interest of plaintiffs as the Plan's beneficiaries, including the standards of prudence, loyalty, and absence of self-dealing, pursuant to ERISA Section 404 (a) (1), 29 U.S.C. Section 1104 (a) (1).

20. Upon information and belief, from sometime in April, 2011 until September 11, 2011, Aetna's Claims Listing in its authorized internet website showed that Aetna had approved the payment of $119,658.42 to provider Rudolph F. Taddonio, M.D. for said claim as the balance of the approved and recognized charge under the Plan for the scoliosis surgery performed on C.F.C. on January 7, 2011.

21. Upon information and belief, a print-out from Aetna's authorized Claims Listing on its official internet website, dated June 27, 2011, showed that $119,658.42 was "Paid by Plan" to Rudolph F. Taddonio, M.D. as the provider of C.F.C.'s surgery; and that "your Plan pays $119,658.42" to Dr. Taddonio for his said surgery service.

22. Upon information and belief, prior to May 31, 2011, said amount of $119,658.42 had been approved for payment to Dr. Taddonio under the Plan as the balance of the reasonable and customary charge, i.e. the recognized charge under the Plan for the said surgery he performed on January 7, 2011.

23. Notwithstanding the forestated approvals under the Plan, the only payments made to date to Dr. Taddonio are the payment, dated March 10, 2011, in the amount of $2988.70 and the subsequent payment, dated December 26, 2011, on plaintiff Bridget M. Curran's appeal, in the amount of $1455.29, making a total payment by Aetna to Dr. Taddonio as provider in the amount of $4443.99.

24. By letter dated May 31, 2011 Aetna notified plaintiff Bridget M. Curran that Aetna had made an error in approving $119,658.42 as the balance of the recognized charge for said surgery and that by reason of said error Aetna had assigned a new case number to the subject claim under the Plan (case number 2011053102067).

25. By reason of the premises, said amount of $119,658.42 had been approved for payment to Dr. Taddonio as the balance due him for having performed the subject surgery on January 7, 2011 and was due and payable by Aetna to Dr. Taddonio under the Plan.

26. In failing to make payment of said $119,658.42 to Dr. Taddonio under the Plan, notwithstanding Aetna's approval of said amount as the balance due him for the recognized

charge for said surgical service under the Plan, defendants, severally and jointly, breached and violated the terms and conditions of the Plan to the detriment and prejudice of plaintiffs; and violated their fiduciary obligations to plaintiffs under ERISA Section 404 (a0 (1), 29 U.S.C. section 1104 (a) (1).

27.  By reason of the premises plaintiffs have been damaged in the amount of $119,658.42, plus interest, and said amount, plus interest, is due and payable to Rudolph Taddonio, M.D.; and said defendants, severally and jointly, are liable to make said payment to Rudolph F. Taddonio, M.D. as the provider of said service.

28.  Defendants, severally and jointly, should be directed by this District Court to make payment of $119,658.42, plus interest, to Dr. Rudolph F. Taddonio pursuant to ERISA Section 502 (a) (1) (B), 29 U.S.C. Section 1132 (a)(1) (B).

29.  Plaintiffs request the District Court in its discretion to award attorneys' fees pursuant to ERISA Section 502 (g), 29 U.S.C. Section 1132 (g).

SECOND CLAIM AGAINST DEFENDANTS AETNA, TRINET AND THE TRINET OPEN ACCESS MANAGED CHOICE PLAN FOR DECLARATORY AND INJUNCTIVE (MANDAMUS) RELIEF.

30.  Plaintiffs repeat the forestated allegations.

31.  This Second Claim incorporates and implements the rulings of the Court (Hon. Nelson S. Roman, U.S.D.J) set forth in his Opinions/Orders filed November 15, 2013 and May 12, 2014, respectively.

32.  Defendant TriNet, as the Plan Administrator, and defendant Aetna, as claims administrator and as the agent for the Plan Administrator, had the duty and fiduciary obligation, severally and jointly, pursuant to Sections 503 and 505 of ERISA, 29 U.S. C. Sections 1133 and 1135, as implemented by the U.S. Department of Labor's Rules and Regulations (Part 2560), Section 2560.503-1, to inform and respond to plaintiffs' requests for documents and information pertaining to plaintiffs' claim for coverage and payment of said surgery under said Plan, including defendants' adverse determinations with respect to said claim.

33.  The Plan's SPD confirms that Aetna, acting on behalf of and as agent for TriNet as Plan Administrator, is responsible for complying with the ERISA reporting rules and regulations on a timely and accurate basis.

34.  Pursuant to said statutory and regulatory disclosure requirements, plaintiff Bridget M. Curran pro se and by her attorney requested defendant Aetna to provide itemized information and documents pertaining to Aetna's adverse determinations of Dr. Rudolph F. Taddonio's claim for payment under the Plan of his charges as provider of the surgical service performed January 7, 2011; including the identity of Aetna's claim reviewers, the medical overseers and consultants, if any, together with the documentation, statements, and reports, which served as the basis for rejecting  Dr. Taddonio's submitted claim; the medical review and determination documents and

reports which served as the basis for Aetna's approval of $119,658.42 as the balance due on the recognized charge for the scoliosis surgery performed by Dr. Taddonio on January 7, 2011; the documents and reports utilized by Aetna in approving Aetna's first payment of $2988.70 and Aetna's second payment on appeal of $1455.29; and the documents and information, including any direction or communication from TriNet to Aetna, which "informed or directed Aetna's investigation and review of the subject claim".

35. Plaintiffs submitted seven (7) requests in writing to Aetna for specific documents and information relating to Aetna's adverse determinations of the subject claim, viz. April 7, 2011, July 7, 2011, September 26, 2011, October 28, 2011, November 15, 2011, November 28, 2011, and January 7, 2012; said seven letter requests are incorporated by reference.

36. Said seven letter requests included a request to produce a copy of the Plan's SPD and the guidelines, internal rules, protocols, policies or similar criteria utilized or referred to by Aetna in determining plaintiffs' claims for coverage of said January 7, 2011 scoliosis surgery, including the criteria and methodology for determining the reasonable rate for said surgery.

37. Notwithstanding plaintiffs' citation of the ERISA statutory mandate (Sections 503 and 505 of ERISA, 29 U.S.C. Sections 1133 and 1135) and the Department of Labor's regulatory requirements set forth in 29 C.F.R. Section 2560.503-1, defendant Aetna did not produce the requested documents and information referred to in said seven letter requests, and referred to in paragraph 35 above.

38. Aetna's willful, deliberate, and continuing course of conduct in not responding to plaintiffs' said requests and in stonewalling plaintiffs' attempts to obtain the referenced documents and information required to be produced by Aetna as agent for TriNet, the Plan Administrator under the ERISA statute and regulations, constituted a willful and contumacious violation by Aetna of its fiduciary and ERISA obligations to plaintiffs.

39. By certified letter (return receipt), dated March 9, 2012, with copy to Aetna, plaintiffs' attorney directly requested TriNet as fiduciary and Plan Administrator to provide a copy of the documents and information itemized in the seven letter requests identified in paragraph 35 supra, (including the requested copy of the Plan's SPD).

40. By said letter to TriNet, dated March 9, 2012, plaintiffs also requested TriNet to produce a copy of any document or transmission between TriNet and Aetna related to Aetna's investigation and review of the subject claim and Aetna's prior approval of $119,658.42 as the balance due on the recognized charge for the subject surgery.

41. TriNet made a response to said letter of March 9, 2012 by E-mail and first class letter, dated April 26, 2012, but did not provide any of the requested documents or information, citing as justification for its non-production the purported prohibition under the Health Insurance Portability and Accountability Act of 1996, which objection was subsequently withdrawn by TriNet letter dated May 18, 2012

42. By letter, dated March 22, 2012, Aetna responded to said letter to TriNet of March 9, 2012, but did not provide any of the itemized documents and information referred to in plaintiffs' letters set forth in paragraph 35 supra, with the exception of a certain two-page document entitled " Prevailing Fee Information from Network Data".

43. By letter to plaintiffs' counsel, dated May 18, 2012, TriNet affirmed that TriNet was obligated under ERISA and its Regulations to provide a copy of the requested documents and information under its control, and affirmed that TriNet's files do not contain any such documents or information.

44. Plaintiffs' counsel's letter to TriNet, dated May 22, 2012, called upon TriNet, as Administrator/fiduciary under the subject ERISA Plan, to require Aetna to produce the said specified documents and information, as set forth in plaintiffs' counsel's letter to TriNet, dated March 9, 2012; by said letter, dated May 22, 2012, TriNet was requested to obtain the said documents from Aetna by June 25, 2012.

45. By letter dated July 16, 2012 TriNet asserted that its fiduciary responsibilities as Plan Administrator had been allocated to Aetna pursuant to Section 405 (c) ERISA and that TriNet does not "currently or previously have in its possession or control" any of the documents or information set forth in plaintiffs' counsel's letter to TriNet dated March 9, 2012. Said requested documents and information have not been produced as of the date of the filing of this Complaint.

46. By reason of the premises defendants Aetna and TriNet have breached their respective fiduciary obligations under ERISA Sections 404 (a) (1), 29 U.S.C. Section 1104 (a) (1).

47. Under the "Enforce Your Rights" provision in said SPD (the Plan) plaintiff Bridget M. Curran had the Plan's contract and statutory right under the Plan to obtain a copy of said documents requested by plaintiffs relating to defendant Aetna's said adverse determination of plaintiffs' claim, and as requested in said seven letter requests.

48. Defendant TriNet as Plan Administrator refused and failed to provide to plaintiffs a copy of the documents and information requested in said letter requests, which were required to be produced by TriNet as a right of plaintiffs under said "Enforce Your Rights" provision of the Plan, pursuant to ERISA Section 502 (a) (1) (B), 29 U.S.C. Section 1132 (a) (1) (B).

49. Defendant TriNet as Plan Administrator refused and failed in its fiduciary duty to provide to plaintiffs a copy of the documents and information requested in said letter requests, which were required to be produced by TriNet under the said "Enforce Your Rights" provision and pursuant to the Department of Labor Regulations (29 C.F.R. Section 2560. 503-1).

50. The Opinion and Order of this Court (Hon. Nelson S. Roman, U.S.D.J.), filed November 15, 2013, at p. 12, determined as the law of this case that the Second Claim for Declaratory and Injunctive (Mandamus) Relief to compel defendants "to respond to Plaintiffs' requests for documents relating to Plaintiffs' claim is not dismissed with respect to the requested declaratory and injunctive relief"

51.   By reason of the premises defendants, severally and jointly, should be directed and compelled, by way of injunctive relief (Mandamus), pursuant to the order of this Court, to fully respond to plaintiffs' said requests for documents and information as set forth in said letter requests

52.   Plaintiffs request the District Court in its discretion to award attorneys' fees and disbursements pursuant to ERISA Section 502 (g), 29 U.S.C. Section 1132 (g).


## THIRD CLAIM AGAINST DEFENDANT TRINET AS PLAN ADMINISTRATOR UNDER ERISA SECTION 104 (b) (4), 29 U.S.C. 1024 (b) (4) FOR STATUTORY PENALTIES UNDER ERISA SECTION 502 (c) (1) (B).


53.   Plaintiffs repeat the forestated allegations.

54.   Plaintiffs requested in writing that defendants Aetna and TriNet provide a copy of the Plan's Summary Plan Description (SPD) to plaintiffs, but defendants, severally or jointly, did not produce a copy of the SPD prior to the commencement of the subject litigation.

55.   Defendant TriNet as Plan Administrator was required to produce to plaintiffs a copy of the requested SPD pursuant to ERISA Section 104 (b) (4), 29 U.S.C. 1024 (b) (4).

56.   Said ERISA Section 104 (b) (4) is within Subchapter I of Title 18 of the ERISA statute.

57.   Defendant TriNet's failure to produce a copy of the requested SPD under ERISA Section 104 (b) (4) subjects TriNet to statutory penalties under ERISA Section 502 (c) (1).

58.   The Opinion and Order of the Court (Hon. Nelson S. Roman, U.S.D.J.), filed May 12, 2014, determined as the law of this case that plaintiffs' claim for ERISA Section 502 (c) sanctions applies to TriNet's failure, as Plan Administrator, to have provided, upon written request of any participant or beneficiary, a copy of the latest Summary Plan Description under 29 U.S.C. Section 1024 (b) (4) "whether or not the requestor was previously provided a copy of the SPD" (Id. p. 8).

59.   By reason of the premises plaintiffs request this District Court to adjudicate and award to plaintiffs, as the Court may determine, penalty sanctions against defendant Tri Net as Plan administrator, pursuant to ERISA Section 502 (c) (1), 29 U.S.C. Section 1132 (c) (1).

60.   Plaintiffs request this  District Court in its discretion to award attorneys' fees and disbursements pursuant to ERISA Section 502 (g), 29 U.S.C. Section 1132 (g).

WHEREFORE, plaintiffs request the following relief and damages against Defendants, severally and jointly:

1.   On the FIRST CLAIM, monetary judgment in favor of Plaintiffs against Defendants Aetna and TriNet in the amount of $119,658.42, plus interest;

2.   On the SECOND CLAIM, declaratory and Injunctive (Mandamus) Order and Judgment against Defendants Aetna and TriNet;

3.   On the THIRD CLAIM, punitive sanctions against TriNet as Plan Administrator, pursuant to ERISA Section 502 (c) (1) for violation of ERISA Section 104 (b) (4), 29 U.S.C. Section 1024 (b) (4);

4.   Pursuant to ERISA Section 502 (d) (2) any money judgment due hereunder shall be enforceable against defendant The TriNet Open Access Managed Choice Plan.

Together with interest, costs, and disbursements; and attorneys' fees as may be awarded by the District Court in its discretion, pursuant to ERISA Section 502 (g).

Dated June 27, 2014

<div style="margin-left: 40%;">

Banks, Curran, Schwam, & Squirrell, LLP
Attorneys for Plaintiffs
61 Smith Avenue
Mount Kisco, N.Y. 10549
914-666-2161


David J. Squirrell, Esq.
Member of the Firm

</div>

8